**MARTINEZ v. BRUNI et al. (No. 251—3454.)**

(Commission of Appeals of Texas, Section A. Dec. 21, 1921.)

**1. Depositions ⊕═99—Admissible only in suit in which taken.**

Under Rev. St. 1911, art. 3677, depositions are admissible only in the case in which they are taken, and not in another case, though between the same parties and involving the same issues.

**2. Appeal and error ⊕═1043(6) — Erroneous admission of depositions held prejudicial.**

Where defendant in trespass to try title insisted in introducing depositions taken in another case to establish the lost deed under which he claimed, notwithstanding testimony of six uncontradicted witnesses to that effect, it cannot be held that the erroneous admission of the depositions in evidence was harmless.

**3. Adverse possession ⊕═81—Deed to undivided interest gives right by limitation only to interest stated.**

A deed to an undivided interest in a tract of land will not, under the 5 years' statute of limitation, protect the grantee beyond the interest it purports to convey.

**4. Adverse possession ⊕═80(2) — Deeds not describing land are not memoranda of title.**

Deeds which make no attempt to fix the boundaries of the lands conveyed are unavailing as memoranda of title under the 10 years' statute of limitation.

**5. Tenancy in common ⊕═15(2) — Cotenant must give notice possession is adverse.**

The possession of a tenant in common is presumed to be in right of the common title, and no limitation runs in his favor against his cotenant until after notice that the possession is adverse is brought home to the cotenants.

**6. Trial ⊕═350(3)—Requested special issue properly refused as evidentiary.**

In a suit to recover an undivided interest in a tract of land, where the defendant pleaded limitations, a requested special issue as to whether plaintiff had notice of the execution of a deed to defendant's predecessors in title was properly refused as embodying an inquiry as to an evidentiary matter, since a negative answer would not have been conclusive that plaintiff did not have notice of the adverse possession of defendant, which might have been presumed from other facts and circumstances.

**7. Adverse possession ⊕═13—Facts held to warrant finding of title by possession.**

In trespass to try title, where the several defendants pleaded the statutes of limitations, evidence that one of the defendants claimed under a deed executed in 1908, which properly described the land claimed by him, and which was duly recorded, and under which he had since continuously held the land in peaceable and adverse possession, fencing and improving it and paying all taxes on it, warrants the jury in finding in favor of that defendant on the issue of adverse possession.

**8. Appeal and error ⊕═1172(2)—Correct separable portion of judgment affirmed notwithstanding reversal as to the rest.**

Where the judgment awarding to one defendant the portion of the tract in controversy claimed by him was correct, and that portion could be separated from the rest of the judgment, it will be affirmed, though the rest of the judgment must be reversed.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Trespass to try title by Francisco Martinez against A. M. Bruni, M. D. Slator, and others. A judgment awarding plaintiff a small part only of the land claimed by him was affirmed by the Court of Civil Appeals (216 S. W. 655), and plaintiff brings error. Affirmed as to defendant Slator, and reversed and re-

manded as to the other defendants who claimed interests adverse to plaintiff.

H. G. Dickinson, of Laredo, for plaintiff in error.

T. C. Mann and A. Winslow, both of Laredo, Hicks, Phelps, Dickson & Bobbitt, of San Antonio, Hal W. Greer, of Beaumont, and A. C. Hamilton, of Laredo, for defendants in error.

SPENCER, P. J. Plaintiff in error, Francisco Martinez, instituted this suit in the ordinary form of trespass to try title, naming A. M. Bruni, M. D. Slator, Henry Hein, Antonio Martinez, Jose Maria Martinez, Epigmenio Martinez, Jesus Martinez, Processo Martinez, A. M. Gonzales, Jose Maria Uribe, Margarilo Uribe, Manuel Maria Uribe and Dolores Perez as defendants to recover an undivided interest in the Dolores and Corralitas portions of the Jose Vasquez Borrego grant of land. The Borrego grant contains approximately 234,457 acres but it is agreed that only 129,779 acres, or the two portions mentioned, are affected by the suit. The suit was dismissed as to Antonio Martinez, Jose Martinez, Epigmenio Martinez, A. M. Gonzales and Manuel Maria Uribe.

The defendants in error, except Henry Hein, pleaded not guilty. A. M. Bruni also pleaded the 5 and 10 year statutes of limitation to the land claimed by him, which is described by metes and bounds in his answer; Slator pleaded the 5 and 10 year statutes of limitation to the land described in his answer; Dolores Perez pleaded the 5 and 10 year statutes of limitation; and Henry Hein pleaded specially title to an undivided interest to the extent of 1,600 acres in the tract of land.

Upon special findings of the jury and additional findings by the court, judgment was rendered against plaintiff in error upon his prayer for an undivided interest in the land, but, upon his plea of title by limitation, judgment was rendered in his favor for 160 acres of the land. The judgment upon appeal was affirmed. 216 S. W. 655. Writ of error was sued out to correct the judgment of the Court of Civil Appeals, as to defendants in error Bruni Slator, Dolores Perez and Henry Hein.

Plaintiff in error introduced a regular chain of title from the sovereignty of the soil, down to and in Hipolito de la Pena, who owned a two-fifths interest in the grant by purchase. and Alejandro Vidaurri, who owned by purchase and inheritance a three-fifths interest in the grant.

Alejandro Vidaurri had eight children, but there is no divestiture of title out of any of them except Antonia, who intermarried with Hipolito de la Pena, and Lauriano, a son, who died survived by his wife and nine children. Antonia was entitled by inheritance to at least a three-fortieths interest in the grant, as were the heirs of Lauriano.

Antonia and Hipolito left surviving them two children, Maria Clara de Jesus Pena Vidaurri and Antonio Pena. Antonio Pena Vidaurri, by deed dated September 7, 1889, conveyed a one-half interest in the Borrego grant, except 4,428 acres which he had sold to Alejandro Vidaurri, to his son, Lorenza Pena, and the latter deeded this land to plaintiff in error by deed, dated April 22, A. D. 1905. Bruni, however, introduced a deed from Antonio Pena Vidaurri dated the 16th day of September, 1887, conveying all his title and interest in the grant to Bruni.

By deed dated June 8, 1887, Maria Clara de Jesus Pena Vidaurri conveyed to Bruni one league of land in the Borrego grant. She died in Mexico leaving a will dated July 8, 1884, which was probated in Texas in 1889, in which she devised her interest in the Borrego grant to Maria del Refugio Pena and the latter's son, Victor Pena. Victor Pena purchased his mother's interest, and then, by deed dated June 1, 1899, conveyed his undivided interest to plaintiff in error.

The principal controversy in this case is who is entitled to the interest of Maria Clara de Jesus Pena Vidaurri in the grant?

Defendant in error Bruni offered in evidence deeds from the heirs of Lauriano Vidaurri conveying all their right and title in the grant to himself. It is his contention that, prior to 1880, and before the heirs of Lauriano deeded their interest in the grant to him, Maria Clara de Jesus Pena Vidaurri conveyed all her interest in the grant, except one league to Lauriano Vidaurri, and that the conveyance from the latter's heirs to him carried this interest. Alleging that the deed of conveyance was lost, he sought to establish its execution, delivery, and subsequent loss by Trinidad Cuella de Vidaurri, wife of Lauriano Vidaurri. The testimony tending to establish the deed consisted in part of depositions taken in another suit in which plaintiff in error had sued Bruni and others in trespass to try title to the same land, but which had been dismissed. Plaintiff in error objected, but to no avail, to the introduction of the depositions in evidence because they were taken in another and different suit.

[1] The honorable Court of Civil Appeals correctly held that depositions are admissible under article 3677 (2290) (2236) of the Revised Civil Statutes of 1911, only in the case in which they were taken, and not in another case, though between the same parties and involving the same issues. People's National Bank v. J. S. Mulkey et al., 94 Tex. 395, 60 S. W. 753.

[2] The Court of Civil Appeals held, however, that, as the execution of the deed from Clara de Jesus Pena Vidaurri to Lauriano Vidaurri, independently of the depositions, was established by the testimony of about six uncontradicted witnesses, and that, as the possession and limitation was establish-

ed without reference to the deposition, the error became harmless. We do not agree to this conclusion. The appearance of the deposition in evidence indicates that the defendant in error Bruni was not willing to rest his defense without this testimony, whatever may have been his view of the force of the testimony of the other witnesses upon this issue; and, as it does not appear that the illegal testimony did not influence or was disregarded by the jury in arriving at its verdict, it cannot be said that the error was harmless unless Bruni has perfected title to the land by limitation. If he is unable to establish the execution of the deed from Maria Clara de Jesus Pena Vidaurri to Lauriano Vidaurri, he is a tenant in common with plaintiff in error unless his title has been perfected under the 5 or 10 year statutes of limitation.

[3] In none of the deeds under which he claims is the land described by metes and bounds. The deeds only purport to convey the undivided interest of the grantors. In none of them is the entire Borrego tract attempted to be conveyed. It has been definitely decided in this state that a deed to an undivided interest will not, under the 5-year statute of limitation, protect the grantee beyond the interest it, on its face, purports to convey. Acklin v. Paschal, 48 Tex. 147; Kelly v. Madlin et al., 26 Tex. 48; Clifton v. Creason (Civ. App.) 145 S. W. 323 (writ of error refused); Barksdale v. Benskin et al. (Civ. App.) 194 S. W. 402; Willis et al. v. Burke, 7 Tex. Civ. App. 239, 27 S. W. 217 (writ denied).

[4] The deeds are equally unavailing as memoranda of title under the 10-year statute of limitation because they do not attempt to fix the boundaries of defendant in error Bruni's claims as required by that statute: but, as the land was actually inclosed, the issue of 10 years' peaceable and adverse possession under this statute is presented.

[5] If a tenant in common with Maria Clara de Jesus Pena Vidaurri, or those holding under her, his possession will be presumed in right of the common title, and no limitation will run in his favor against his cotenants until after notice that the possession is adverse is brought home to her or to them. Teal et al. v. Terrell et al., 58 Tex. 257; Moody v. Butler, 63 Tex. 210; Phillipson v. Flynn, 83 Tex. 581, 19 S. W. 136.

In Phillipson v. Flynn, it is said:

"He will not be permitted to claim the protection of the statute of limitations unless it clearly appears that he has repudiated the title of his cotenant and is holding adversely to it. Possession and payment of taxes on the property do not constitute the assertion of an adverse right. There must be something more. Alexander v. Kennedy, 19 Tex. 496. The acts relied upon by the tenant in common in showing an ouster of his cotenants and the assertion of an adverse claim should be more certain and unequivocal in character than would be neces-

sary in ordinary cases where there is no privity of estate between the parties claiming the property; and in order to affect the cotenants with this adverse holding notice of such fact must be brought home to them, either by information to this effect given by the tenant in common asserting the adverse right, or by such acts of unequivocal notoriety in the assertion of such adverse and hostile claim that they will be presumed to have notice of such adverse right. Moody v. Butler, 63 Tex. 210; Wood on Lim. § 266. Whatever must be shown in establishing an ouster and an adverse right by limitation must be proved by the tenant in common asserting such facts."

The jury found that Bruni had had peaceful and adverse possession of the several tracts of land described in his answer for a period exceeding 10 years in each instance; but the question of notice to plaintiff in error of defendant in error's adverse possession was not submitted to the jury for a finding. Plaintiff in error requested the submission of a special issue to the jury inquiring whether he had any notice at the time he purchased the land from Victor Pena of the execution of a deed by Maria Clara de Jesus Pena Vidaurri conveying her interest in the Vasquez Borrego grant, except one league to Lauriano Vidaurri. The court refused to submit this special issue to the jury, but, in supplementing the jury's findings, found that the undisputed evidence showed that Lauriano Vidaurri purchased the land from Maria Clara de Jesus Pena Vidaurri; that he went into immediate possession of it; that upon his death in 1882 his heirs continued to possess said land; and that in 1885, when the heirs sold it to Bruni, Bruni went into actual and visible possession of the land, and has ever since continued in such visible and actual possession thereof.

Our conclusion that the illegal evidence heretofore discussed may have affected the jury's finding as to the establishment of the execution of the deed from Maria Clara de Jesus Pena Vidaurri to Lauriano Vidaurri, and that the court's finding with reference to the issue of notice to plaintiff in error of Bruni's adverse possession was based, in part at least, upon this deed which the illegal evidence tends to establish, require that the case be reversed and remanded in order that these issues may be tried independent of such illegal testimony.

[6] It is our view that there was no error in the court's refusal to submit the requested special issue to the jury for finding. The special issue embodies an inquiry as to an evidentiary matter bearing upon one of the controlling issues—that of notice of adverse possession. It is true that an affirmative answer to it would, under Bruni's claim of limitation, have precluded a recovery by plaintiff in error; but a negative answer thereto would not have been conclusive upon the question of notice of adverse possession by Bruni, because direct notice of the ad-

verse possession need not be brought home to him, but the jury may presume notice from other facts and circumstances.

The judgment should also be reversed as to defendants in error Hein and Perez. If tenants in common with plaintiff in error, what has been said on the question of limitation applies with equal force as between each of them and plaintiff in error.

[7, 8] But as to defendant in error Slator, it is otherwise. There is an agreement in the record which recites: That Slator claimed the land described in his first amended original answer, and for which he sued, in virtue of a deed from A. L. McLane and E. A. Atlee to him, dated September 17, 1908, which deed is duly recorded in the counties where the land is situated, and that, from the date of purchase by him, he has held the same continuously in peaceable and adverse possession against all the parties, fenced and improved the same, and paid all taxes assessed and levied against the land as it has accrued. The record also shows that the deed under which he claims describes the land by metes and bounds. This warranted the jury's finding in his favor, and, as this portion of the judgment is capable of separation from the incorrect portion, the judgment as to him should, we think be affirmed. Schuster et al. v. Bauman Jewelry Co., 79 Tex. 179, 15 S. W. 259, 23 Am. St. Rep. 327.

We recommend, therefore, that the judgments of the district court and of the Court of Civil Appeals should be reversed and remanded as to the defendants in error Hein, Bruni, and Perez, and that they be affirmed as to defendant in error Slator.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.

---

⚙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

