## LONG v. McCOY et al. (No. 451.)

Court of Civil Appeals of Texas. Waco.
March 17, 1927.

Rehearing Denied May 12, 1927.

1. **Trial** ⟜352(4)—Court need not submit issue not raised by pleadings and evidence (Rev. St. 1925, art. 2189).

Under Rev. St. 1925, art. 2189, court is not required to submit issue not raised by pleadings and evidence.

2. **Judgment** ⟜251(1)—Judgment for plaintiff on findings of mental incapacity and undue influence at time of conveying certain tracts held properly refused as not authorized by pleadings (Rev. St. 1925, arts. 2189, 2209).

Where plaintiff, in suit to recover interest in lands, pleaded mental incapacity of, and exercise of undue influence over, defendants' grantor only at time she executed deed of town lots and transferred vendor's lien note, court, under Rev. St. 1925, art. 2189, properly refused to render judgment for plaintiff, under art. 2209, on jury's findings of mental incapacity and undue influence at time of conveying other tracts.

3. **Judgment** ⟜199(2)—When issues submitted are immaterial and verdict without support in pleadings, court may render proper judgment on his own findings on other issues (Rev. St. 1925, art. 2209).

Though verdict without support in pleadings will not support judgment, under Rev. St. 1925, art. 2209, court cannot ordinarily render judgment for either party on his own findings, express or implied, on issues separate and distinct from those submitted to jury, but such rule does not apply when all issues submitted are immaterial and either party is entitled, as matter of law, to judgment which is only one that could be properly rendered.

4. **Tenancy in common** ⟜15(7,8)—Notice of one tenant's adverse holding must be given cotenants by informing them or doing acts of unequivocal notoriety.

Possession of tenant in common, though of whole tract, will be presumed to be in right of common title, and to affect cotenants with adverse character of his holding, notice thereof must be brought home to them either by information given by tenant asserting adverse right or by such acts of unequivocal notoriety

in assertion thereof that they will be presumed to have notice.

**5. Tenancy in common ⊃15(7, 8)—Possession of stranger claiming under deed of entire premises is notice of adverse character of · possession.**

When one of several tenants in common executes deed purporting to convey entire premises to stranger, who places deed of record and enters into possession of property, claiming title, such possession is adverse to that of other tenants, who are charged with knowledge of adverse character thereof, and their rights will be barred after expiration of statutory period of limitation.

**6. Tenancy in common ⊃15(7, 8)—Taking and registry of deed from one tenant, giving and registry of mortgages and payment of taxes, by cotenant, are not conclusive notice of adverse holding to other tenants.**

Rule that possession of stranger, claiming title under deed from one of several tenants in common, is adverse to that of cotenants does not apply to taking and recording of deeds to whole property by one tenant from another tenant or from stranger, but in such cases registry of deed, giving and registry of mortgages on entire tract by grantee, and payment of all taxes thereon are not conclusive notice of adverse holding.

**7. Tenancy in common ⊃15(11)—Whether tenant's holding under deed from cotenant is adverse to other tenants is usually for jury.**

Whether holding of one tenant under deed of entire tract from cotenant or stranger is adverse to other tenants in common is usually a fact question for jury to determine on facts of particular case, viewed in light of law applicable.

**8. Tenancy in common ⊃15(11)—Taking and registry of deed from one tenant, giving and registry of mortgages, and payment of taxes, by cotenants, held not notice of adverse possession to fourth tenant, as matter of law.**

Taking and recording of deeds from one of four tenants in common, and giving of mortgages and payment of taxes on entire tract, by cotenants, husband and wife, *held* insufficient to establish notice to fourth tenant, as matter of law, that grantees were claiming and holding adversely to him.

**9. Tenancy in common ⊃15(11)—Tenant in common held entitled to have jury decide whether he had notice of cotenants' adverse holding, though court erroneously submitted case on other issues.**

Tenant in common of land conveyed by cotenant to other cotenants *held* entitled to have jury determine whether taking and recording of deeds, giving of mortgages, and payment of taxes on entire tract established notice of grantee's adverse holding, though court improperly submitted case on issues, not supported by pleading, as to mental incapacity of and undue influence over grantor at time of executing deeds.

**10. Limitation of actions ⊃102(1)—Limitation does not run against beneficiary in favor of trustee acknowledging his interest.**

Limitation does not run in favor of trustee against beneficiary of trust, so long as trustee acknowledges his interest.

**11. Adverse possession ⊃115(1)—Grantee had no title by limitation, as matter of law, where there was evidence that she acknowledged holding property in· trust.**

Where there was evidence that defendant grantee held and acknowledged holding plaintiff's interest in trust for him, no title by limitation in defendant was shown, as matter of law.

**12. Appeal and error ⊃930(3)—Appellate court must presume that trial court found against parties not requesting submission of issue.**

In absence of request for submission of issue whether defendants, claiming property by adverse possession, held it in trust for plaintiff, appellate court must presume that court found against defendants on such issue.

**13. Appeal and error ⊃1172(3)—Judgment awarding interest in lots held in trust for plaintiff must be affirmed, though his claim of interest as cotenant in other land is rejected.**

Cause of action to recover interest in lots held by defendant in trust for plaintiff being separate and distinct from his claim of interest as cotenant in vendor's lien note and farm lands conveyed to them by fourth tenant, judgment awarding him interest in such lots must be affirmed, notwithstanding denial of such relief as to other land.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge.

Suit by W. B. Long against Mrs. Eva L. McCoy and husband. From the judgment rendered, plaintiff appeals, defendants filing cross-assignments. Affirmed in part, and reversed and remanded in. part.

W. V. Dunnam and J. A. Kibler, both of Waco, for appellant.

H. J. Cureton and Jas. M. Robertson, both of Meridian, for appellees.

GALLAGHER, C. J. This suit was instituted on September 9, 1925, by W. B. Long, appellant herein, against Mrs. Eva L. McCoy and her husband, C. B. McCoy, appellees herein, to recover an undivided one-half interest in and to certain lands and a certain promissory note, and for partition. Appellant's petition contains four counts. In the first count he sues in trespass to· try title to recover one tract of land containing 182 acres, another tract containing 702 acres, and a third tract consisting of three certain lots in the town of Clifton, together with the improvements thereon. In the second count of said petition he describes said three several tracts of land and also a promissory note in the sum of $8,000, alleges that he and appel-

lee Mrs. McCoy each own an undivided one-half interest in said lands and note, and prays for a partition thereof. In the third count of said petition appellant alleges that he and appellee Mrs. McCoy are children and the only heirs of Mrs. S. M. Long; that she died on or about the 10th day of November, 1923; that appellees resided with Mrs. Long at the time of her death; that Mrs. Long, on the 23d day of June, 1919, executed and delivered to appellee Mrs. McCoy a general warranty deed conveying said lots in the town of Clifton to her; that on April 16, 1923, Mrs. Long executed and delivered to said Mrs. McCoy a transfer and assignment to her of an $8,000 vendor's lien note, executed by appellees to said Mrs. Long and secured by a lien on said 702-acre tract; that, on and long prior to the dates of the execution and delivery of said respective conveyances, said Mrs. Long was weak and feeble, physically and mentally, was totally blind and bedridden and mentally incapable of entering into a valid or binding contract of any character. He further alleges therein that appellee Mrs. McCoy was a woman of strong and robust health and mentality, domineering in disposition and sharp and grasping in business transactions, and that she took advantage of the weakened physical and mental condition of Mrs. Long and by improper and undue influence induced and coerced the said Mrs. Long to execute and deliver to her said deed to said property in the town of Clifton and said transfer and assignment of said vendor's lien note; that by reason thereof each of said conveyances was invalid. He prays that said conveyances and each of them be set aside and for a partition of said property between him and appellee Mrs. McCoy. In the fourth count of said petition appellant alleges that on January 17, 1910, Mrs. Long executed and delivered to appellee Mrs. McCoy a deed conveying to her said 182-acre tract, and another deed conveying to her said 702-acre tract, and also repeats his allegations with reference to the execution and delivery of said deed to the lots in the town of Clifton and the transfer and assignment of said vendor's lien note, as set out in the third count of his petition. He further alleges that all said property belonged to the community estate of said Mrs. Long and her deceased husband, W. B. Long, who died in May, 1875; that he, his said mother, Mrs. Long, and his said sister, Mrs. McCoy, held all said property as tenants in common during the lifetime of his said mother, and that after her death he and his said sister held the same as tenants in common; that said several conveyances above enumerated were each and all made by Mrs. Long to said Mrs. McCoy and accepted by her in trust for the joint and equal use and benefit of herself and appellant, and that she so held the same. He further prays for partition. Appellees' answer contains a general denial, pleas of not guilty and the 2, 3, 5, and 10 years' statutes of limitation, respectively. Appellant by supplemental petition on the issue of limitation pleads his joint tenancy with appellees of said property, and alleges that the recitals in the deed from Mrs. Long to Mrs. McCoy conveying said 182-acre tract, and under which she claims the same, admit such joint tenancy.

W. B. Long, Sr., owned and resided upon 884 acres of land at the time of his death. Appellant and Mrs. McCoy are the only surviving children of his marriage to Mrs. S. M. Long. On January 17, 1910, Mrs. Long conveyed to Mrs. McCoy 182 acres of said tract of land, describing the same by metes and bounds, and reciting that the consideration therefor was, in part, her equity from her father in said land. On the same day she conveyed to Mrs. McCoy and her husband, C. B. McCoy, the remaining 702 acres of said tract, describing the same by metes and bounds. The consideration recited in said deed is $2,000 cash and two vendor's lien notes, payable to the grantor and signed by the grantees in said deed, one for $2,000 due six months after date, and one for $9,000 due ten years after date, and also the assumption by the grantees of a mortgage note for the sum of $4,000, secured by deed of trust on said entire 884 acres of land. Both said deeds were promptly recorded. Mrs. Long shortly thereafter assigned the $2,000 vendor's lien note, together with the lien securing same, to G. M. Foreman. On the 28th of February, 1910, appellees executed and delivered to said G. M. Foreman their note for the sum of $6,000 and secured the same by a deed of trust on said 702-acre tract. This deed of trust recited that the debt secured thereby was in renewal and extension of the $2,000 note, given by appellees when said land was deeded to them, and the $4,000 note, payment of which they assumed at that time. On October 27, 1915, appellees gave a new deed of trust on said 702-acre tract to another mortgage company to secure a note in the sum of $8,000, reciting that the same was an extension of the original $6,000, and embraced in addition thereto $2,000 paid or to be paid on Mrs. Long's $9,000 note. On the 17th of January, 1920, Mrs. Long executed an instrument acknowledging the payment of her $9,000 vendor's lien note in full and releasing the lien securing the same. On November 16, 1920, appellees gave another deed of trust on said 702-acre tract to the Dallas Trust & Savings Bank to secure the sum of $10,000, due January 1, 1931. This deed of trust recites that it is in lieu and in extension of the $8,000 note described in the preceding deed of trust. According to the testimony, only $1,000 was ever paid on said $9,000 vendor's lien note. It had, however, been renewed for the principal sum of $8,000. On the 16th day of April, 1923, Mrs. Long assigned said note to Mrs. McCoy in

consideration of $1 and love and affection. On June 23, 1919, Mrs. Long conveyed to Mrs. McCoy said lots with the improvements thereon situated in the town of Clifton. The consideration recited in said deed is $1, love and affection and the reservation of two rooms during the life of the grantor, and the stipulation that said premises should not be sold nor conveyed during the lifetime of the grantor. The testimony with reference to the value of said 702-acre tract at the time same was conveyed to appellees is conflicting. One of the witnesses placed the value of the same at approximately $50,000. Appellees both testified that they went immediately into possession of both said tracts of farming land at the time they received the deeds thereto, and shortly thereafter made valuable improvements thereon, amounting in the aggregate to between eight and ten thousand dollars. They further testified that all said land was fenced when they received the deeds thereto, and that they had held continuous possession thereof, cultivating, using, and enjoying the same from that time. They further testified that they had paid all taxes thereon annually as they accrued. Mrs. Long resided with appellees, spending her time partly on the farm and partly on the property in Clifton. Appellant was absent from the county continuously from 1909 until 1922, when he paid a short visit to his mother in Clifton. During the greater part of this time he resided in western Texas and in New Mexico. He testified that he learned for the first time during said visit that Mrs. Long had deeded said tracts of farming land to Mrs. McCoy. Other facts will be stated in connection with the issues of law discussed in the opinion.

The case was submitted on special issues. The jury's findings are, in substance, as follows: That Mrs. Long conveyed the lots with the improvements thereon situated in Clifton to Mrs. McCoy, and that she accepted the deed to the same for the joint use and benefit of herself and appellant; that Mrs. Long, at the time she executed and delivered the deed to appellees conveying the 702-acre tract aforesaid, at the time she transferred the $8,000 vendor's lien note to Mrs. McCoy, and at the time she executed the deed conveying to Mrs. McCoy the lots in the town of Clifton, was in such mental condition she did not have the ability to understand the nature and effect of her acts and to exercise her will in relation thereto. The jury also found in response to special issues submitted at the request of appellant that at and prior to the time Mrs. Long executed deeds conveying to Mrs. McCoy the 182-acre tract and to appellees jointly the 702-acre tract, at and prior to the time she executed deed conveying to Mrs. McCoy the lots with the improvements thereon situated in Clifton, and at and prior to the time she assigned the $8,000 note to Mrs. McCoy, she, Mrs. McCoy, had and exercised such im-proper influence over said Mrs. Long as to deprive her of her free agency and to destroy her will with respect to the execution thereof. The issue of whether said property was community or the separate property of Mrs. S. M. Long was by agreement submitted to the court for determination, and he found that all said farming land and said $8,000 vendor's lien note were community property, and that the lots with the improvements thereon situated in the town of Clifton were the separate property of Mrs. Long. Appellant moved for judgment on the verdict for the jury for an undivided one-half interest in all the property involved in this suit and a decree for partition thereof, which motion the court overruled. Appellees moved to set aside the verdict of the jury, which motion the court overruled. Appellees further moved for a judgment in their favor on the ground that appellant's claims were barred by the statutes of 3, 5, and 10 years' limitation. The court granted said motion except as to the $8,000 vendor's lien note and the lots in the town of Clifton, and rendered judgment divesting appellant of all right, title, and interest he ever had in and to said two tracts of farming land and vesting the same in appellees. The court also rendered judgment declaring appellant and Mrs. McCoy the sole and equal owners of said lots in the town of Clifton and said vendor's lien note for $8,000, and further declaring that all the same was incapable of partition in kind and directing the sale of the same for the purpose of effecting partition. Appellant filed an appeal bond, and appellees filed an appeal and supersedeas bond. Appellant took out the transcript, and appellees present their contentions in the form of cross-assignments.

### Opinion.

[1, 2] Appellant complains of the action of the court in refusing to render judgment in his favor for the recovery of an undivided one-half interest in the two tracts of farming land containing 182 and 702 acres, respectively. The jury found that at the time Mrs. Long conveyed said 702-acre tract of land to appellees she was in such mental condition that she did not have the ability to understand the nature and effect of her acts and to exercise her will in relation thereto, and also that at the time she conveyed both said tracts of land to Mrs. McCoy and to appellees, respectively, Mrs. McCoy had and exercised such improper influence over her as to deprive her of her free agency and destroy her will with respect to the execution of said conveyances. The court refused to set these findings aside, but ignored them in rendering judgment in favor of appellees for said lands. Article 2209 of the Revised Statutes requires the court to render judgment upon the verdict returned by the jury unless the same is set aside or

a new trial granted. The court is required by article 2189 of the Revised Statutes, in submitting a case on special issues, to submit all issues raised by the pleadings and evidence in the case. Conversely, of course, the court is not required to submit an issue not raised by the pleadings nor an issue not raised by the evidence. Appellant, in his pleadings in this case, confines his charge of incapacity on the part of Mrs. Long to the time she executed the deed to the lots in Clifton and the time she transferred the $8,000 vendor's lien note. He also confines his charge of the effective exercise of undue influence by Mrs. McCoy over Mrs. Long to said two transactions. Said findings in appellant's favor were therefore without support in the pleadings, and the court did not err in refusing to render a judgment in appellant's favor thereon. Maddox v. Summerlin, 92 Tex. 483, 488, 49 S. W. 1033, 50 S. W. 567; Baptist Church v. Fort, 93 Tex. 215, 231, 232, 54 S. W. 892, 49 L. R. A. 617.

[3] Appellant next complains of the action of the court in rendering judgment against him and in favor of appellees for said two tracts of farming land on a finding by the court on an issue not submitted to the jury. While the issues of mental incapacity and undue influence submitted by the court with reference to the conveyance of these two tracts of land were without support in the pleadings, there was affirmative evidence of mental incapacity on the part of Mrs. Long at that time, and also facts and circumstances in evidence from which the jury might have felt justified in inferring the exercise of undue influence by Mrs. McCoy in said transactions. The court and counsel for both parties seem to have overlooked the fact that appellant's pleadings on these issues were not broad enough to cover said transactions. Appellees' only objection to the submission of the issue of Mrs. Long's mental capacity at the time of the execution of said deeds was that such issue as framed placed the burden of proof thereon on appellees instead of appellant. Appellees' only objection to the submission of the issue of undue influence as applied to these transactions was that such issue was not raised by the evidence. Article 2209 of the Revised Statutes requires the court to render judgment upon the verdict returned by the jury unless the same is set aside. When the verdict returned is without support in the pleadings it will not support a judgment, but it does not ordinarily follow that the court can in such cases render judgment in favor of either party based upon findings of his own, either express or implied, on issues separate and distinct from those submitted to the jury. Kirby Lumber Co. v. Conn, 114 Tex. 104, 111, 112, 263 S. W. 902, and authorities there cited; Texas City Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541, 543; G. H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W.

524, 528; Kistler v. Latham (Tex. Com. App.) 255 S. W. 983, 984; Deal v. Craven (Tex. Com. App.) 277 S. W. 1046, 1047; National Union Fire Ins. Co. v. Richards (Tex. Civ. App.) 278 S. W. 488, 489; First State Bank of Wortham v. Bland (Tex. Civ. App.) 291 S. W. 650; Hart v. Wilson (Tex. Com. App.) 288 S. W. 133, 134–136, and authorities there cited; Arkansas Fertilizer Co. v. City National Bank (Tex. Civ. App.) 137 S. W. 1179, 1181; Posey v. Adam Schaff Co. (Tex. Civ. App.) 189 S. W. 977, 979, and authorities there cited; Upham Gas Co. v. Agnew (Tex. Civ. App.) 270 S. W. 1081, 1083. The rule announced in the cases cited does not, however, apply when the issues submitted to the jury are all immaterial and either party is entitled to a judgment, as a matter of law, and the judgment so rendered is the only one that could be properly rendered in the case. American Surety Co. v. Hill County (Tex. Com. App.) 267 S. W. 265, 268, 269, and authorities there cited; Id. (Tex. Civ. App.) 254 S. W. 241, 247; Lee v. Lewis (Tex. Civ. App.) 287 S. W. 115, 116, and authorities there cited.

[4] The material question for consideration is, therefore, whether the continued possession of said lands by appellees after receiving and recording the deeds thereto was adverse to appellant, who was a tenant in common with them. The possession of a tenant in common, even though of the whole tract, will be presumed to be in right of the common title. In order to affect other tenants in common with the adverse character of his holding, notice of such fact must be brought home to them either by information to such effect given by the tenant in common asserting the adverse right, or by such acts of unequivocal notoriety in the assertion of such adverse and hostile claim that they will be presumed to have notice of the character of such holding. Phillipson v. Flynn, 83 Tex. 580, 583, 19 S. W. 136; Moody v. Butler, 63 Tex. 210, 213; Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89, 95, and authorities there cited.

[5] The rule is well settled that when one of several tenants in common executed a deed purporting to convey the entire premises to a stranger, who places his deed of record and enters into possession of the property, claiming title thereto, such possession is adverse to that of the other tenants in common and they are charged with knowledge of the character thereof, and after the expiration of the statutory periods of limitation applicable in such case their rights will be barred. 1 R. C. L. p. 854, § 48; McBurney v. Knox (Tex. Com. App.) 273 S. W. 819, 821; Olsen v. Grelle (Tex. Com. App.) 228 S. W. 927, 928; McBurney v. Knox (Tex. Civ. App.) 259 S. W. 667, 674; Robles v. Robles (Tex. Civ. App.) 154 S. W. 230; Lloyd v. Mills, 68 W. Va. 241, 69 S. E. 1094, 32 L. R. A. (N. S.) 702, and note pages 702–704; Dew v. Garner, 207 Ala. 353,

92 So. 647, 27 A. L. R. 5, and note page 8 et seq.

[6] This rule, however, is limited to cases where the grantee is a stranger to the title and possession, and does not apply to the taking and recording of deeds to the whole property by one tenant in common from another tenant in common or from a stranger. In such cases the registry of such deed, the giving and registering of mortgages on the entire tract by the grantee therein, and the payment of all taxes on the entire tract are not at least conclusive notice of an adverse holding. Towery v. Henderson, 60 Tex. 291, 297; Lynch v. Lynch (Tex. Civ. App.) 130 S. W. 461, 462, 463 (writ refused); Liddell v. Gordon (Tex. Com. App.) 254 S. W. 1098, 1100, 1101; Hulvey v. Hulvey, 92 Va. 182, 23 S. E. 233, 234, 235; Freeman v. Pierce (Tex. Civ. App.) 250 S. W. 778, 781, and authorities there cited; 7 R. C. L. p. 851, § 44; Montgomery v. Truehart (Tex. Civ. App.) 146 S. W. 284, 288.

[7] The question of whether the holding of one tenant in common under such a deed is under such circumstances adverse to other tenants in common is usually one of fact for the jury, and in determining such question each case must necessarily depend on its own facts, viewed in the light of the law applicable to such issue. 7 R. C. L. p. 854, § 47; Martinez v. Bruni (Tex. Com. App.) 235 S. W. 549, 551, 552; Id. (Tex. Civ. App.) 216 S. W. 655, 663, and authorities there cited.

[8, 9] Mrs. Long, appellant, and appellees were all tenants in common of said tracts of land at the date of said deeds. The testimony indicates that Mrs. McCoy and her husband were in joint possession of the premises with Mrs. Long at that time. Mrs. Mc-Coy was in privity with her mother and brother both as to title and possession. Her husband was entitled to joint occupancy of the land in her right under the law as it existed at that time, and, he was, therefore, also in privity in the possession of the premises, though a stranger to the title. The deed to the 702-acre tract of land recited a purchase for a valuable consideration, but was made to him and his wife jointly. The principal circumstances relied on by appellees to show that their possession was adverse to appellant and that he was charged with notice thereof are the taking and recording of said deeds, the giving of mortgages, and the payment of taxes on the entire tract. We do not think that these facts, under all the circumstances in this case, are sufficient to establish notice to appellant that they were claiming and holding said premises adversely to him, as a matter of law, but that such issue was one of fact for the jury. We do not think appellant should be deprived of the right to have the jury pass upon this question by the fact that the court improperly submitted his case upon other and different issues.

[10-12] The lots in the town of Clifton, together with the improvements thereon, were the separate property of Mrs. Long. Appellant testified that Mrs. McCoy told him in August, 1922, that she had promised her mother, if she would deed said property to her, that she would consider that appellant had an interest in it and pay him his part of it. The jury found that Mrs. Long conveyed and Mrs. McCoy accepted the deed to said property for the joint use and benefit of herself and appellant. The only complaint of the judgment of the court with reference to this piece of property made by appellees in their propositions, based on their cross-assignments of error, is that the evidence showed title in Mrs. McCoy under the statute of limitation of five years. The rule is elementary that limitation does not run against the beneficiary of a trust in favor of the trustee so long as the trustee acknowledges his interest. Since there was evidence that Mrs. McCoy held appellant's property in trust for him and acknowledged such holding in August, 1922, no title by limitation in Mrs. McCoy was shown as a matter of law. There was no request for the submission of such issue, and we are required to presume that the court found against appellees thereon.

[13] The causes of action asserted by appellant with reference to the $8,000 vendor's lien note and the two tracts of farming land are inseparably connected. His cause of action for recovery of a half interest in the lots with the improvements thereon in the town of Clifton was, however, separate and distinct from his claim to an interest in said note and lands and could have been asserted and litigated in a separate suit. Such being the case, it is our duty to affirm the judgment of the trial court awarding appellant a half interest in said lots and improvements and directing the partition of the same. Moore v. Moore (Tex. Civ. App.) 259 S. W. 322, 327.

The judgment of the court awarding appellant a half interest in the vendor's lien note and denying him a recovery of any part of the farming lands is here reversed and the cause as to said issues remanded to the district court.