

E. J. Dryden, C. N. Fansler, and Gordon Gibson, all of Laredo, for plaintiffs in error.

Yale Hicks, of Laredo, for defendants in error.

SMITH, Chief Justice.

This action in trespass to try title involves title to an undivided interest in a body of land embracing about 250,000 acres lying along the Rio Grande in Webb and Zapata Counties, which was originally granted to Don Jose Vasquez Borrego by the Crown of Spain about the year 1750, and confirmed in him about the year 1767. Subsequently it was confirmed by the State of Texas.

The grant was divided, apparently before the death of Borrego, into three tracts, designated as the Dolores, the Corralitos and the San Ygnacio, or upper, middle and lower tracts, respectively.

This action was brought by Baldomero Chacon and others to recover an undivided interest in the grant, amounting to 81/420, against the executors of the last wills of A. M. Bruni and wife, Consolacion, respectively, both deceased, and those claiming under them. Upon a trial before the court without a jury judgment was

## CHACON et al. v. BRUNI et al.

### No. 10401.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 18, 1939.

Rehearing Denied March 1, 1939.

rendered denying title to the plaintiffs and decreeing it in the defendants below, from which the plaintiffs below have appealed. The parties will be designated as in the trial court.

Plaintiffs claim as heirs of certain descendants of the original grantee, while defendants claim under other heirs, and by limitation. The said Jose Vasquez Borrego, the original grantee, was the common source of title. While the original grantee had several children, it appears to be conceded that the grant, insofar as it lay in Texas, passed into two of his children, Fernando, a son, and Manuela, a daughter, who married one Vidaurri, subject to claimed rights of Manuela's son, Jose Fernando Vidaurri.

It is the contention of defendants, and the trial court so found, that soon after the death of the original grantee his two said children, Fernando and Manuela, joined in a partition of the grant, whereby Fernando took the land embraced in the San Ygnacio tract, and Manuela took that embraced in the remaining two tracts, the Dolores and Corralitos, subject to any rights of Manuela's said son, Jose Fernando Vidaurri. By this partition, if effective, Fernando Borrego, under whom, alone, plaintiffs claim, parted with all interest in the Dolores and Corralitos subdivisions of the grant, and his rights were thereby concentrated in and restricted to the San Ygnacio subdivision. Defendants contend further, and finally, that Fernando was divested of his said interest in the San Ygnacio, and therefore in the whole grant, by deeds, executed in 1831 and 1832, conveying the entire San Ygnacio to Jesus Trevino. If those two major contentions of defendants, that Fernando, plaintiffs' ancestor, parted with all his rights in the Dolores and Corralitos tracts by partition, and in the San Ygnacio by deeds, were established by the evidence, as adjudged in the court below, then plaintiffs, who claim only under Fernando, show no right of recovery, and the judgment must be affirmed.

The ramifications of these titles run back through nearly two hundred years of history as reflected in a large measure by isolated documents, imperfect and loosely drawn, executed, preserved and reproduced, and in part by fragmentary and hazy evidences of obscure facts and incidents which reach back into that twilight zone "beyond which the memory of man" in-

deed "runneth not to the contrary." It would be impossible in this opinion, of course, to undertake to pursue these ramifications in any sort of detail as the bases of the conclusions we have reached in a laborious, albeit intriguing and interesting, study of the voluminous record; or to undertake herein to piece together the evidences of title into a coherent pattern such as that so painstakingly laid out by the learned trial judge in his findings and conclusions. In this opinion we will be obliged to dispose of the questions in more or less general conclusions, as we arrive at them, through the evidence in detail, as reflected by the trial judge's findings; for the case is one of fact, after all.

Plaintiffs have grouped their propositions and presented them under a series of seven "Substantial Questions," in commendable form, and we will dispose of the propositions with reference to that convenient presentation.

The first basic premise on which defendants rest their claim as against plaintiffs is that Fernando Borrego, under whom alone plaintiffs claim, joined his co-heir, Manuela Borrego, in a partition of the grant, under the terms of which he was awarded and accepted the San Ygnacio tract, and she was awarded and accepted the two remaining tracts, the Dolores and the Corralitos, whereby Fernando parted with all his rights in the latter two tracts forever. Plaintiffs contend that there was no evidence, and insufficient evidence, to show such partition was ever made. Defendants claim the partition was established by affirmative evidence, as well as by a conclusive presumption of the grant, resting upon the conduct of the parties relating thereto, and by general reputation as to both possession and ownership. Upon a consideration of all those evidences, including the testimony of living witnesses, the trial judge found that said partition was made in writing by Fernando and Manuela about the year 1776, or, at least, prior to the year 1800, and that neither Fernando nor his heirs have since had any interest in the Dolores and Corralitos tracts, nor did they ever thereafterwards assert any claim therein, or exercise any dominion thereover, or assess or pay any taxes thereon, or upon any part thereof. These findings by the trial judge were based upon writings made at the time, and subsequently, as well as by other relevant and competent facts and circumstances es-

tablished to his satisfaction by parol. We have carefully reviewed that evidence, voluminous as it is, and have reached the firm conclusion that it was ample to support the findings thereon, which become binding upon this Court. That partition having been efficiently established, whereby Fernando ceded all his rights in the Dolores and Corralitos grants to his sister, Manuela, whose title thereto has been fully recognized and acquiesced in by Fernando and his heirs for more than one hundred years, his heirs and their assigns will not now be heard to assert any interest therein. We overrule plaintiffs' propositions 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, 15, 17, 18, 22 and 23, under which the questions decided are presented here.

Fernando Borrego having been divested, by said partition agreement, of all his rights in the Dolores and Corralitos tracts, his interest in the original grant was thereby concentrated in and confined to the San Ygnacio tract, and if thereafter that interest passed out of him and his heirs, the plaintiffs could not properly prevail in this case, and the judgment must be affirmed.

The trial judge found, upon sufficient evidence, that defendants' admitted predecessor in title, Jesus Trevino, originally acquired the interests of all the heirs of Fernando Borrego (under whom plaintiffs claim), by deeds executed in the years 1831 and 1832. The conclusion of law of the trial judge, that plaintiffs and those before them parted with all interest in the San Ygnacio tract, found to be their sole interest in the grant after the partition thereof in 1776, rested not only upon said deeds, but upon affirmative claims, and nearly one hundred years' consistent and unhampered possession and improvements, by defendants and their predecessors, and upon the alleged recognition by plaintiffs of those claims, and their failure ever at any time in that period to assert any claim to the tract, or enter into possession, or exercise any sort of claim, or assess or pay any taxes, thereon. In more recent years defendants sought to complete, bolster, consolidate and clarify their claim of title by procuring conveyances from numerous other parties. On the other hand, plaintiffs insist that those activities of defendants to strengthen their claims upon the title must be construed, as a matter of law, into recognition, by defendants, of plaintiffs' claims of existing and unrelinquished interests in the property. These respective contentions of the parties encompass a tangled web of facts, inferences and circumstances bearing upon the ultimate question of title. We will not undertake here to set out that evidence, or even the high points thereof, which, in the absence of details could not efficiently solve the ultimate issues. The trial judge has presented those facts in full findings, which, we have concluded, are supported by the record, and which we must therefore adopt as our own. We therefore find that plaintiffs have failed to show title in themselves, and that defendants, on the other hand, have established their title to the San Ygnacio tract, as well as to the two remaining tracts, in the original grant, and should recover in the case. For the reasons stated we overrule plaintiffs' propositions 9, 10, 11 and 15, as before stated in the first general conclusions, and propositions 14, 19, 20, 24 and 25, for the reasons last stated.

The question of limitations is in the case, the trial judge having awarded defendants title to portions of land involved under the ten-year statute and the remainder under the five, ten and twenty-five years statute. While it is not necessary here to pass upon the questions of limitation, we conclude that they were determinable through issues of fact; that the trial judge did not abuse his discretion in resolving them against plaintiffs, and accordingly we overrule plaintiffs' propositions 24 and 25, as before upon other grounds stated above, and propositions 12, 16, 21 and 26, for the reasons herein stated in this paragraph.

The trial judge found that prior to his death the original grantee, Jose Vasquez Borrego, made a parol gift of the Corralitos tract to his grandson, Jose Fernando Vidaurri, son of Manuela Borrego, but this fact, whether true or not, cannot affect this decision, because it is apparent from the record that the whole estate in both the Corralitos and the Dolores was acquired by A. M. Bruni, deceased, of whose estate and that of his now deceased wife defendants are the executors, so as to preclude both Manuela and her said son and their heirs; and because Fernando Borrego, under whom plaintiffs claim, parted with all his interest in those tracts by the partition between Manuela and him, about the year 1776. For these reasons we overrule plaintiffs' propositions 1, 6 and 23, which we have hereinabove overruled for other reasons there stated.

Under their propositions 14, 15 and 19 plaintiffs complain of the admission of a certain deed executed in the year 1832. We are of the opinion that the contention is without merit, and overrule the propositions.

As has been stated, and shown, the case is essentially one of fact, to which the questions of law are but incidental, and as the issues of fact were resolved against plaintiffs in favor of defendants by the trial judge, upon what we have found to be sufficient evidence, those findings settle the case.

The judgment is affirmed.