VIDUARRI et al. v. BRUNI et al.

No. 10958.

Court of Civil Appeals of Texas. San Antonio.

July 2, 1941.

Rehearing Denied Oct. 1, 1941.

Greenwood, Moody & Robertson, of Austin, and E. J. Dryden, of Laredo, for appellants.

Hicks & Dickson and James T. Nesbitt, all of Laredo, and D. A. McAskill and T. M. West, both of San Antonio, for appellees.

NORVELL, Justice.

This is an action of trespass to try title involving certain lands in the Jose Vasquez Borrego Grant situated in Webb and Zapata Counties, Texas. Questions concerning the validity of this grant, its boundaries and title to various portions thereof have been before the appellate courts of this State on several occasions. See Von Rosenberg v. Haynes, 85 Tex. 332, 20 S.W. 143; Texas Mexican Railway Company v. Uribe, 85

Tex. 386, 20 S.W. 153; State v. Bruni, 37 Tex.Civ.App. 2, 83 S.W. 209, writ refused. Martinez v. Bruni, Tex.Civ.App., 216 S.W. 655; Id., Tex.Com.App., 235 S.W. 549; Chacon v. Bruni, Tex.Civ.App., 125 S.W.2d 428, writ refused.

After the trial court had ordered a consolidation of numerous suits involving lands in the Borrego Grant, this case went to trial upon the first amended original petition of the plaintiffs below, who were Antonio H. Bruni and others, the executors and testamentary trustees under the last wills and testaments of A. M. Bruni and wife, Consolacion Bruni, together with the devisees under said wills. These parties will be hereinafter referred to as the Bruni appellees. The petition was in the statutory form of trespass to try title and contained special pleadings of the five, ten and twenty-five year statutes of limitation. Articles 5509, 5510, 5519 and 5519a, Vernon's Ann. Civ.Stats. Thirteen tracts of land were specifically described by metes and bounds in the petition. Numerous persons were made defendants including the appellants, Lucio Viduarri and others, who claim to be some of the heirs of Don Jose Vasquez Borrego, the original grantee.

Appellants disclaimed all interest in two tracts described in the petition, pleaded not guilty as to the remaining tracts, and by way of cross-action brought in new parties, A. T. Canales and others (referred to in the briefs as the West clients), praying for judgment against all parties establishing their asserted undivided interest in eleven of the tracts described in the petition, as well as certain additional tracts of land described in the cross-action.

Trial was to a jury, but at the conclusion of the taking of evidence the trial court discharged the jury and rendered a judgment against the appellants upon the main suit as well as the cross-action. It is not necessary to state further details of the judgment rendered, as appellants' assignments of error can not be construed as attacking any part of the trial court's judgment, except as it relates to the eleven tracts described in the petition, which are claimed by the Bruni appellants. The issues to be determined by this Court are those in dispute between appellants, on one hand, and the Bruni appellees, upon the other.

The eleven tracts involved in this appeal are out of the Corralitos and Dolores subdivisions of the Borrego Grant. Appellants disclaimed as to the two tracts situated in the San Ygnacio subdivision. As pointed out in Chacon v. Bruni, supra, Fernando Borrego, a son of the original grantee, acquired title to the San Ygnacio, which is not involved in this appeal. We are here concerned with the Viduarri title to the Corralitos and Dolores. There seems to be some dispute concerning the extent of the interest of Jose Fernando Viduarri, a grandson of the original grantee and a son of Manuela Borrego de Viduarri, who was a daughter of the original grantee. The contention is made that Jose Fernando Viduarri acquired the Corralitos by gift from his grandfather. This is countered by the contention that the only interest acquired by Jose Fernando Viduarri came through his mother, Manuela Borrego de Viduarri. The sustaining of one of these contentions or theories would have some bearing upon the extent of the undivided interests held by certain appellants in the event that it should be determined that they possessed *some* interest. This matter is however deemed immaterial to this appeal. This is not a partition suit, but an action of trespass to try title. The Bruni appellees, as plaintiffs below, assumed the burden of proving that they owned the entire title to the eleven tracts involved. The trial court necessarily held that the Bruni appellees had sustained this burden as to all of said tracts. It follows that if the trial court be incorrect in this holding the judgment can not stand, even though the undivided interest of certain appellants be actually less than that contended for under their theory of the case.

Upon the trial below it was agreed that a certain family tree correctly set forth the heirs and descendants of Jose Vasquez Borrego, the original grantee. The family tree shows that appellants or certain of them were descendants of Borrego through Manuela Borrego de Viduarri. From the year 1885 until his death, in 1931, A. M. Bruni purchased, from time to time, the interests of various persons who were, or purported to be, heirs of the original grantee. After Mr. Bruni's death, his executors, testamentary trustees and devisees purchased additional interests, or at least acquired several additional deeds purporting to convey interests in the grant. It seems to be conceded that the Bruni appellees, through A. M. Bruni, acquired on an acreage basis more than eighty per cent of the Corralitos and Dolores subdivisions. It also appears that neither A. M. Bruni

nor the Bruni appellees acquired "paper title" to all of the interests claimed by appellants, that is, it was not shown that such interests as appellants would be entitled to as heirs were acquired by Bruni or those holding under him, by written instruments duly recorded or by unrecorded written instruments introduced in evidence.

The Bruni appellees contend that any deficiencies of the paper title are cured by (1) a so-called equitable title, (2) the five, ten and twenty-five year statutes of limitation, and (3) the doctrine of presumed grant or deed.

Appellants, by their assignments of error, affirmatively assert that the judgment can not be sustained as a matter of law under any of the theories above mentioned.

We first consider the theory of "equitable title" advanced by the Bruni appellees. This contention is stated in the brief of said appellees as follows: "That A. M. Bruni prior to his death purchased, fenced, improved at large expense, and remained in continuous and exclusive possession for more than thirty years of more land than is now enclosed in the pastures claimed by Bruni appellees out of the Dolores and Corralitos Subdivisions and said Bruni appellees had an equitable title to said premises at the time of the filing of this suit and long prior thereto."

For the purpose of considering this contention, it may be conceded that the pastures inclosed by Bruni's fences did not include a greater amount of acreage than Bruni would be entitled to, based upon an acreage basis, by reason of his purchases of undivided interests in the Corralitos and Dolores subdivisions. It seems that "a tenant in common who has improved the land, not for the purpose of embarrassing his co-tenants, is entitled to have them set apart to him, providing it can be done in justice to his co-tenants." Whitmire v. Powell, 103 Tex. 232, 125 S.W. 889, 890. See, also, 32 Tex.Jur. 171, § 24. This is, however, an equitable right as distinguished from an equitable title. It is an equity upon which a court may base a judgment in a proper suit, to-wit, a partition suit in which all co-tenants are parties so that the court may adjust the equities between them.

While a plaintiff in trespass to try title may obtain equitable relief upon proper pleadings filed in conjunction with the statutory count, it is well settled that a plaintiff under the statutory allegations alone must show a superior *title* which may be either legal or equitable in nature. The distinction between an equitable title and an equitable right is clearly established by the Texas authorities. Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596; McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315, 320, application for writ of error dismissed by the Supreme Court, 91 Tex. 147, 40 S.W. 955; Carl v. Settegast, Tex.Com.App., 237 S.W. 238; Groesbeeck v. Crow, 85 Tex. 200, 20 S.W. 49.

Here Bruni appellees are in effect asserting an alleged right of equitable partition or some right similar thereto. The doctrine of equitable partition is fully discussed in the case of Thomas v. Southwestern Settlement & Development Co., 132 Tex. 413, 123 S.W.2d 290, 297, opinion by Judge Smedley, wherein it is stated that: "When the nonjoining cotenant sues for partition equity will require, so far as it can be practicably done, consistently with the rights of the plaintiff in making the partition that the partition be so made as to set aside to the grantee in the deed from the one cotenant, especially when he has made improvements, that part of the land which was conveyed to him. *When that is done the deed will mature into title.*" (Italics ours.)

Under this authority it seems clear that until the equitable right asserted has matured into title, it can not be made the basis of a judgment in trespass to try title resting upon a petition containing the statutory allegations alone.

We next consider the question of limitations. A. M. Bruni entered into possession of lands in the Borrego grant as a cotenant. The case of Martinez v. Bruni, Tex. Com.App., 235 S.W. 549, seems conclusive upon this point. This is true although some of the earlier conveyances of undivided interests to Bruni purportedly authorized him to take the land conveyed "in a solid body by partition or otherwise when he (Bruni) so desires." Even had these deeds described a specific portion of the grant, they would not have had the effect of vesting title to the specific tract in Bruni, whose grantors held undivided interests. Arnold v. Cauble, 49 Tex. 527; Thomas v. Southwestern Settlement & Development Co., supra.

In Wiggins v. Holmes, Tex.Civ. App., 39 S.W.2d 162, 164, writ refused, it is said that: "In order for one cotenant

to assert the running of the statute of limitation in his favor against his cotenant, there must not only be an exclusive occupancy of the property under an adverse claim, but notice of such hostile adverse claim must in some way be brought home to the other cotenant. His occupancy even of the whole of the property will be presumed to be in recognition of the common title unless and until notice of his adverse claim is brought either to the direct attention of his cotenant or unless his acts are of such unequivocal notoriety as that the other cotenant will be presumed to have notice of such adverse holding. Long v. McCoy (Tex.Civ.App.) 294 S.W. 633, 637; McCoy v. Long (Tex.Com.App.) 15 S.W.(2d) 234; Arrington v. McDaniel (Tex.Com.App.) 14 S.W.(2d) 1009, 1012; Liddell v. Gordon (Tex.Com.App.) 254 S.W. 1098, 1100; Stiles v. Hawkins (Tex. Com.App.) 207 S.W. 89, 95; Phillipson v. Flynn, 83 Tex. 580, 19 S.W. 136; Crump v. Andress (Tex.Com.App.) 278 S.W. 422, par. 2."

It is also stated further in the opinion that: "The question of whether the holding of one tenant in common under such a deed is, under the circumstances, adverse to other tenants in common, is usually one of fact for the jury. Long v. McCoy (Tex. Civ.App.) 294 S.W. 633, par. 7; McCoy v. Long (Tex.Com.App.) 15 S.W.(2d) 234; 7 R.C.L. 854; Martinez v. Bruni (Tex. Com.App.) 235 S.W. 549, 551; Id. (Tex. Civ.App.) 216 S.W. 655, 663."

■ The trial court in this case discharged the jury, which was equivalent to the giving of a peremptory instruction. Under such circumstances, this Court will view the evidence in the light most favorable to appellants, "disregarding all conflicts or contradictions that may appear. In other words, every intendment fairly deducible from the evidence is in favor of the party against whom the verdict was directed." 3 Tex.Jur. 1049, § 741; City of Houston v. Chapman, 132 Tex. 443, 123 S. W.2d 652; Charles v. El Paso Electric Ry. Co., Tex.Com.App., 254 S.W. 1094; Murff v. Dreeben, Tex.Civ.App., 127 S.W.2d 577.

Applying the rule above stated, we do not believe it can be said *as a matter of law* that A. M. Bruni or the Bruni appellees, at any particular time, repudiated the common title under circumstances which would give notice to other cotenants of the grant that the Bruni possession or holding was adverse to them.

■ There is evidence in the record which if believed by a jury would support the theory that A. M. Bruni at no time claimed adverse to the common title, but, on the contrary, scrupulously limited his claims to interests which he had actually purchased and paid for. Bruni was in possession of certain specific tracts, but his continuous purchases of additional undivided interests could be considered by the jury as "purchases of title to support possession," which would be in effect a recognition of the common title. Meaders v. Moore, 134 Tex. 127, 132 S.W.2d 256. The judgment of the trial court can not be upheld upon the theory that the evidence showed, as a matter of law, that appellants interests in the lands involved had been extinguished through the operation of the statute of limitations. The evidence upon this theory raised fact issues which should have been submitted to the jury. Wiggins v. Holmes, Tex.Civ.App., 39 S. W.2d 162, supra; Stephens v. House, 112 Tex. 459, 248 S.W. 30; Nevill v. Hinkle, Tex.Civ.App., 276 S.W. 324; 11 Tex.Jur. 440–453, §§ 26–31.

In considering the Bruni appellees' theory of presumed grant or deed, it may be pointed out that the record discloses certain fact circumstances from which it might be inferred that the predecessors in title of appellants had disposed of their interests to the lands within the Borrego grant, or within the specific portions thereof claimed by the Bruni appellees, by conveyance in the form of a deed, by an oral agreement followed by possession of Bruni, or his predecessors in title, or, insofar as particular tracts are concerned, by an effected or completed partition, either written or oral.

■ The rule generally referred to as the presumption of a deed or grant has also been termed proof of title by circumstantial evidence, Fowler v. Texas Exploration Co., Tex.Civ.App., 290 S.W. 818, writ refused, as the issue of title is determined by inferences drawn from other facts established by the evidence. McCormick and Ray, Texas Law of Evidence, p. 858, § 670. These inferences are generally for the jury and this is true even though the facts are undisputed, provided, of course, reasonable minds can draw different inferences or conclusions from such undisputed facts. Commercial Standard Insurance Co. v. Davis, 134 Tex. 487, 137 S.W.2d 1.

■ The Texas authorities are uniform in holding that generally the necessary inferences supporting the "presumed grant, deed or partition" must be drawn by the fact finding authority. Herndon v. Vick, 89 Tex. 469, 35 S.W. 141; Thompson v. Dutton, 96 Tex. 205, 71 S.W. 544; Masterson v. Harris County Houston Ship Channel Navigation District, Tex.Com.App., 15 S.W.2d 1011, 1015, 67 A.L.R. 1324; 2 Tex. Jur. 26, § 10.

■ These inferences or conclusions can not be found by the trial court as a matter of law except in those cases where the evidence is such that reasonable minds can not differ as to the inference to be drawn therefrom. Duke v. Houston Oil Co. of Texas, Tex.Civ.App., 128 S.W.2d 480, 485.

■ The evidence in this case, upon the issue of presumed grant or deed, is not of that conclusive nature necessary to support a finding of a presumed grant as a matter of law. Stephens v. House, 112 Tex. 459, 248 S.W. 30; Le Blanc v. Jackson, Tex.Com.App., 210 S.W. 687.

From what has been said, it is apparent that this case, like Chacon v. Bruni, Tex. Civ.App., 125 S.W.2d 428, 431 (involving the San Ygnacio Subdivision of the Borrego Grant), is "essentially one of fact," and the trial court erred in taking the same from the jury.

For the errors herein pointed out, that part of the judgment of the trial court in favor of the Bruni appellees and against appellants, for title and possession of the eleven tracts described in the petition, which are out of the Corralitos and Dolores Subdivisions of the Borrego Grant (and the award of costs in connection therewith), is reversed, and the cause remanded for a new trial of the issues involved. In all other respects the judgment of the trial court is affirmed.

### On Motion for Rehearing.

The Bruni appellees in their motion for rehearing contend that this Court is in error in remanding the case as to all appellants, insofar as lands in the Corralitos and Dolores Subdivisions are concerned. It is insisted that the record here shows that certain of said appellants have no interest in said lands by reason of descent from the original grantee or otherwise, and therefore the judgment entered by the trial court against them and in favor of the Bruni appellees should stand.

■ We do not agree with this contention. While it is a well settled rule that a tenant in common may recover the entire tract of land involved from one shown to have no title, Land v. Banks, Tex.Com. App., 254 S.W. 786, 790, 30 A.L.R. 1 (holding approved by Supreme Court), it is also obvious that the plaintiff under this theory must establish that (1) he is a tenant in common and (2) that the defendant has no title. Davidson v. Wallingford, 88 Tex. 619, 625, 32 S.W. 1030, 1033; Steddum v. Kirby Lumber Company, 110 Tex. 513, 525, 221 S.W. 920, 924.

In this case, the Bruni appellees recovered judgment in the trial court upon the premise that they were not tenants in common but the owners of the entire title to the lands involved. Being of the opinion that fact issues were involved, we have concluded that the court below erred in holding that the position taken by the Bruni appellees was established as a matter of law. The question of whether or not the Bruni appellees are tenants in common with appellants or some of them is therefore undetermined, and this Court for that reason would be unauthorized to render judgment against certain appellants whom we might ascertain to be without title, upon the theory that the Bruni appellees were tenants in common and as such entitled to judgment against said appellants.

To say that, regardless of whether the Bruni appellees are held to be the owners of the entire title or tenants in common, certain appellants cannot recover, is to anticipate the record upon another trial, and thus interfere with the proper functions of the trial court, which upon remand will determine whether or not the Bruni appellees are tenants in common and enter judgment as to the various appellants according to the evidence then before it.

The motion for rehearing is overruled.