## W. N. WILCOXON v. J. W. HOWARD ET AL.

Decided May 8, 1901.

**1.—Reinstatement—Conditions—Correction of Minutes.**

An order reinstating plaintiff's case after voluntary nonsuit, on condition of his payment of costs, may be corrected and made valid at a subsequent term, when defendant had moved to dismiss, where the memorandum on the judge's docket shows that the order of reinstatement was not conditional but absolute, though taxing plaintiff with costs.

**2.—Power of Attorney—Compromise.**

A power authorizing the attorney to recover land belonging to the makers and to compromise with adverse claimants, will support a deed by him conveying the land to such adverse claimants in consideration of a money payment in settlement of the claim of his principals.

**3.—Trespasser—Recovery by Tenant in Common.**

The owner of an undivided part interest in land can recover the entire tract from one who shows no title.

4.—Limitation—Adverse Possession.

The plea of limitation by possession for five years under registered deed,. was not supported where defendant's evidence did not identify the part of the land actually fenced and in possession, nor show that their constructive possession beyond such limits was exclusive.

5.—Improvements—Good Faith.

A finding that improvements by one in adverse possession of land were not made in good faith is supported by evidence that they were made after notice given by the true owner of his rights.

6.—Findings of Law—Harmless Error.

The refusal of a judge trying the case without a jury to make findings of law, though requested, will not be ground for reversal where the facts were found by him and support the judgment rendered.

Appeal from Collin. Tried below before Hon. J. E. Dillard.

*L. C. Clifton* and *Garnett, Smith & Merritt,* for appellants.

*D. P. Johnson* and *Abernathy & Beverly,* for appellees.

KEY, ASSOCIATE JUSTICE.—Appellees brought this action of trespass to try title to 35 acres of land. There was a nonjury trial resulting in a judgment for the plaintiffs, and the defendant has appealed.

The first question presented relates to the action of the court in refusing to dismiss the case. The record shows that on April 4, 1898, the parties appeared, announced ready for trial, and after submitting evidence, the plaintiffs voluntarily took a nonsuit; that at the same term, on the 13th day of April, an order was made reinstating the case, upon condition that the plaintiffs pay all costs incurred to date. At the October term, 1898, the defendant moved to dismiss the case and strike same from the docket, because the order reinstating it was a conditional order, and therefore void. In response to this motion the plaintiffs asked the court to correct the order referred to, as disclosed by the minutes, and make it show that the case was reinstated absolutely, and not upon condition, but the costs up to that time adjudged against the plaintiffs. The court granted the latter motion and overruled the motion and overruled the motion to dismiss, and these rulings are assigned as error.

We think the court ruled correctly in the matters referred to. The entry made by the judge on the docket on April 13, 1898, makes manifest the purpose of the court to reinstate the case absolutely, and not upon condition; and it was permissible at a subsequent term to correct the minutes and make them express the order made by the judge. Blum v. Neilson, 59 Texas, 380; Hickey v. Behrens, 75 Texas, 488; De Hymel v. Mortgage Co., 80 Texas, 493.

In reference to the merits of the case, the record shows that the land in controversy is part of a 640-acre survey granted by the State to James Innerarity in March, 1846. The plaintiffs proved that they were the children and heirs at law of Harriet C. Howard, deceased. They also

proved the death of James Innerarity, and sought to show title by deeds executed by all of his heirs, acting through John C. Roberts, agent and attorney in fact, to Harriet C. Howard; and for this purpose they produced and put in evidence a deed executed by said Roberts, acting as agent and attorney in fact for the several Innerarity heirs referred to, dated October 26, 1871, and conveying the land in controversy to Harriet C. Howard.

The plaintiffs introduced in evidence five powers of attorney to John C. Roberts, each executed by one or more of the several heirs of James Innerarity, deceased. One of these instruments was executed by F. W. J. Innerarity, James J. Innerarity, Heloise H. Wilson, and Fannie C. Wickoff, all being heirs of James Innerarity, deceased, and the latter two being married women and joined in the execution of the instrument by their husbands. The only objection urged against this instrument is that it did not authorize or empower John C. Roberts to sell the land referred to in the instrument. The document referred to does not, in express terms, empower the agent to sell; but after authorizing him to demand, sue for and recover the survey of which the land in controversy is part, confers this additional power: "And also to do for us and in our names all such other acts, matters, and things in relation to the said land, as making compromises with any and all persons who may claim any part thereof, as we might or could do if personally present and acting therein." The record shows that in 1871 Mrs. Harriet C. Howard was claiming the land in controversy under a deed to her deceased husband George W. Howard, made by John M. Davis in 1857; that John C. Roberts, who resided in Robertson County, went to Collin County, where the land in question is situated, and asserted claim to the Innerarity survey, as agent of the heirs of James Innerarity, against Mrs. Howard and others claiming lands on that survey; that he and Mrs. Howard agreed upon a compromise by which she was to pay $3 per acre for the land. The deed executed by John C. Roberts as agent for the Innerarity heirs is not set out in full in the statement of facts, but it was executed October 26, 1871, and the evidence will warrant a finding, and we therefore find, that it was made in consummation of the compromise referred to.

We think the power of attorney under consideration, by necessary implication, authorized John C. Roberts to execute deeds conveying the land for the purpose of compromising and settling adverse claims thereto; and such being the case, the deed executed by him under the circumstances stated conveyed to Mrs. Howard the undivided interests of F. W. J. Innerarity, James J. Innerarity, Heloise H. Wilson, and Fannie C. Wickoff. This being the case, and the defendant being a trespasser, the proper judgment was rendered, although the court may have erred in admitting in evidence the other powers of attorney, the rule being, that as against a trespasser, a cotenant is entitled to recover the entire tract of land. Sowers v. Peterson, 59 Texas, 217; Pilcher v.

Kirk, 60 Texas, 162; Contreras v. Haynes, 61 Texas, 103; Telfener v. Dillard, 70 Texas, 140; Gray v. Kauffman, 82 Texas, 65.

The defendant interposed pleas of limitation of three, five, and ten years. He also pleaded improvements in good faith. None of these pleas were sustained, and several assignments of errors are addressed to these branches of the case. The defendant's title starts with a tax deed made by the tax collector of Collin County, June 7, 1882. This deed was made to J. S. Wright and H. N. Frost. The defendant failed to show such compliance with the requisites of the statute as authorized the collector to sell the land for taxes, and hence it must be held that the deed referred to conveyed no title, and the defendant who holds thereunder was a trespasser. The defendant showed a deed from Wright and Frost to I. W. Kimsey. He also showed that I. W. Kimsey was dead; that in the partition of his estate the land in controversy had been set aside to J. M. Kimsey, who sold it by special warranty deed to the defendant. He also showed such registration of his deeds and payment of taxes as was necessary to sustain the five years statute of limitations.

It was shown that the defendant and those under whom he claims, held actual adverse possession of five or six acres of the land in controversy (it being fenced and in cultivation) for more than ten years before the suit was brought. But the evidence does not identify the portion so fenced and in actual possession, so as to frame a judgment awarding it to the defendant.

As to the residue, there is evidence supporting the finding of the trial court that defendant had not shown exclusive adverse possession; and this being the condition of the evidence, we think the court properly decided the questions of limitation against the defendant. Not having shown such adverse possession as would entitle him to hold all the land in controversy, if he desired to maintain his title to less than the whole tract, he should have identified the portion of it fenced and in actual possession so that a judgment could have been framed awarding it to him. The testimony indicates that the defendant has removed a portion of the fence originally inclosing the five or six acres, and shows that he now has inclosed 20 acres, but in enlarging the inclosure he crossed a fence placed upon a portion of the land by one of the plaintiffs. Under the findings of the court, supported by the testimony, he was not entitled to judgment for all the land now inclosed, and he did not identify the five or six acres to which he may have acquired title by limitation, so as to enable the court to render a judgment protecting his title thereto.

In reference to the claim for improvements in good faith, it is sufficient to point out that the defendant stated upon the stand that at the time he fenced the last half of the land in controversy, one of the plaintiffs came to him while he was doing so and told him that he did not own the land, and that it belonged to him, the plaintiff, and notwithstanding this the defendant said, "I went on and fenced the last half of the land after that." This, and other evidence, was sufficient

to justify the court in finding, and we therefore find, that the improvements were not made in good faith. The judge filed findings of fact; and the failure to file conclusions of law, though requested, can not avail to reverse the judgment. No matter what may have been the judge's opinion on the questions of law, having rendered the proper judgment, it must stand.

No reversible error has been pointed out and the judgment will be affirmed.

*Affirmed.*

### OPINION ON MOTION FOR REHEARING.

#### Decided June 28, 1901.

We have duly considered the questions presented in this motion and find no reason for changing the judgment heretofore rendered.

In compliance with appellees' motion asking a modification of our conclusions of fact, we state that the deed from R. L. Kimsey and others to appellant was filed for record April 21, 1898, and this suit was commenced March 7, 1898, the deeds under which the Kimseys claimed had been duly recorded more than five years before the beginning of the suit.

We also correct our statement that appellant, and those under whom he claims, held actual adverse possession of five or six acres of the land in controversy. A re-examination of the statement of facts shows a conflict in the testimony as to whether or not the five or six acres referred to were part of the land in controversy; and as the court did not find that it was, we make no finding on that subject.

*Motion overruled.*

Writ of error refused.