### LIDDELL et al. v. GORDON.
#### (No. 455–3842.)

(Commission of Appeals of Texas, Section A. Oct. 10, 1923.)

**1. Appeal and error ⊜⟾930(3)—Admission of certified copy of deed attacked for forgery presumed correct.**

Where the issue of forgery was not foreclosed when a certified copy of a deed was admitted in evidence, and plaintiffs offered practically no proof to support their contention of forgery, and made no request to have the issue of a forged deed submitted to the jury, it will be presumed on appeal that the trial court correctly decided the question against their contention.

**2. Tenancy in common ⊜⟾15(7, 8)—Possession of tenant is possession of cotenants until his repudiation of their rights is known to them.**

The possession of a tenant in common was the possession of his cotenants until he repudiated their rights, and his repudiation was known to them, or his possession and hostile assertion was so notorious that notice to them would be presumed.

**3. Trial ⊜⟾351(2)—If omitted special issue is called to court's attention, it will submit it in correct form.**

Where plaintiffs desired to have a special issue submitted, it was only necessary for them to call the matter to the attention of the court, and they were not required to submit it in correct form.

**4. Tenancy in common ⊜⟾44—Deed by one cotenant to another and conveyance back to cotenant did not pass title to interest of other cotenants.**

Where one cotenant deeded his interest in land and the grantee reconveyed, the transaction did not pass title to the interest of the other cotenants.

**5. Evidence ⊜⟾273(2)—Evidence of recognition of title by tenant in common after sale held admissible as against claimants under him.**

Where whatever title defendant had to plaintiff's interest in land was the title acquired by him from a tenant in common who had previously conveyed to third person, and had later received a reconveyance, evidence of recognition by such tenant in common of his cotenant's title at any time during the period of 10 years' possession was admissible against him or those claiming under him as tending to show whether possession was adverse.

**6. Tenancy in common ⊜⟾15(10)—Evidence of recognition of title held admissible on question of tenant's repudiation of cotenants' interest.**

Evidence of recognition by a tenant in common of his cotenant's title *held* admissible on the question whether the former had repudiated the rights of his cotenants, and was holding adversely to their interest.

---

⊜⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes·

**7. Tenancy in common ⟐⟐15(7, 8)—Admission of one cotenant after grant by him as to rights of cotenant are binding on him when he takes possession under reconveyance.**

Though while a former cotenant was a tenant of his grantee his admission of his cotenants' rights would not be binding on his grantee, such cotenant would be bound by declarations made during his tenancy when he reassumed possession on reconveyance to him, and undertook to perfect limitation title in his own behalf, and it would then be necessary for him to again repudiate plaintiff's rights and bring home to them notice of such repudiation.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by Solomon Liddell and others against J. A. Gordon. From a judgment for defendant, plaintiffs appealed to the Court of Civil Appeals, which affirmed the judgment (241 S. W. 750), and plaintiffs bring error.

Reversed, and cause remanded.

Ownby & Allen and A. P. Park, all of Paris, Tex., for plaintiffs in error.

Moore & Hardison, of Paris, Tex., for defendant in error.

GERMAN, J. Plaintiffs in error filed this suit against defendant in error on April 11, 1919, to recover a one-half interest in 66 acres of land situated in Lamar county, Tex. and for partition. Among other things defendant in error pleaded limitation under the 5 and 10 year statutes.

The land in controversy at one time belonged to Reuben and Lucinda Liddell, who lived upon it as their home for years. Reuben died many years before the suit was filed, leaving his wife, Lucinda, and two children, Charley and Cynthia, surviving. Lucinda died some time about 1907, and the two children were dead when this controversy arose. Plaintiffs in error are the children of Charley Liddell, and defendant in error Gordon holds under George Liddell, who was the only child of Cynthia. Plaintiffs in error relied upon title by inheritance. Defendant in error undertook to establish title to the whole tract by showing a deed from Lucinda Liddell to George Liddell. to her one-half interest, limitation title in George Liddell to the interest of plaintiffs in error, and conveyance from George Liddell to the whole tract.

Most of the essential facts are not disputed. After the death of Reuben Liddell, George Liddell lived with his grandmother, Lucinda, upon the land for many years, and was living on the land when she died. Certified copy of deed from the records of Lamar county was offered in evidence, being a deed from Lucinda Liddell to George Liddell dated April 28, 1902, purporting to convey her interest in this land. The evidence shows that this deed was filed for record by George Liddell a short time after it was dated, and after being recorded was delivered by the clerk to him. The original could not be found, and was supposed to have been burned. Plaintiffs in error attacked this deed by affidavit of forgery. On April 28, 1902, George Liddell executed a deed of trust on the whole tract to secure the American Freehold Land Mortgage Company in the sum of $600. By deed dated March 18, 1905, George Liddell conveyed the tract of land to F. T. Gunn, who assumed the payment of the $600 secured by deed of trust. On February 15, 1910, Gunn reconveyed the land to Liddell, who assumed payment of the $600 indebtedness previously mentioned. On March 29, 1912, Liddell executed a renewal of the deed of trust securing this indebtedness, and on March 7, 1916, sale of the land was made under this deed of trust to satisfy the debt, when D. H. Scott became the purchaser. Scott conveyed to defendant in error Gordon March 7, 1916.

The evidence discloses that from the spring of 1902 until probably after the year 1915 George Liddell was in the exclusive possession of this land, using and cultivating the same, and receiving the rents and revenues therefrom, except for the years that Gunn had a deed to the land, during which years Liddell paid Gunn rent, according to the testimony of Gunn. There seems to have been no change whatever in the nature of his possession during this entire period. The evidence was conflicting as to the payment of taxes.

It is undisputed that up to March 18, 1905, George Liddell made no claim to the interest of plaintiffs in error in the land, but fully recognized their interest, and stated to them that he was not claiming it. In response to special issues the jury found that defendant in error had not proven title under the 5-year statute of limitations, but found that he had shown possession sufficient to acquire title under the 10-year statute. As indicated above, this possession could not have been adverse prior to March 18, 1905. Judgment was entered by the trial court in favor of defendant in error for the entire tract of land, and this was affirmed by the Court of Civil Appeals (Tex. Civ. App.) 241 S. W. 750. Chief Justice Willson, however, filed dissenting opinion.

[1] Plaintiffs in error complain of the action of the trial court in admitting in evidence certified copy of the deed by Lucinda Liddell to George Liddell. While the proof of the execution of this deed was circumstantial, we do not think there was error in allowing it to be offered in evidence. The issue of forgery was not foreclosed when the deed was admitted in evidence, and, plaintiffs in error having offered practically no proof to support their contention, and having made no

request to have this issue submitted to the jury, the presumption is that the trial court decided the question of forgery against their contention. The opinion of the Court of Civil Appeals fully discusses this proposition, and we think correctly disposes of same.

[2,3] Error is assigned to the action of the court in failing to submit to the jury the following special issue:

"Did the plaintiffs have actual notice of the claim of title by George Liddell and Frank Gunn before the 11th day of April, 1909?"

By objections, to the general charge and by a specially requested instruction plaintiffs in error called attention of the trial court to their contention .that possession on the part of George Liddell and Frank Gunn could not be adverse to their interest until there was a repudiation on the part of George Liddell of the relation of cotenancy, .and plaintiffs in error had notice of such repudiation and of adverse claim. The trial court did not submit this issue in any form to the jury. The Court of Civil Appeals, in the majority opinion, holds that there was no error on the part of the trial court in failing to submit this issue to the jury, for the reason that the requested special issue did not correctly state the exact issue to be determined. This is true, but we think it was error for the trial court to refuse to submit the issue in a correct form.

Assuming that the deed from Lucinda Liddell to George Liddell conveyed her interest, still plaintiffs in error were entitled to a one-fourth undivided interest in the land by inheritance from their grandfather. As to this interest George Liddell was a tenant in common with plaintiffs in error, and his possession was their possession, until he repudiated their rights, and such repudiation was known to plaintiffs in error, or his possession and assertion of hostile claim was of such notorious character as that notice thereof would be presumed. This rule has thus, in effect, been admirably stated by Judge McClendon in the case of Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 95, and in that case he cites many of the authorities relating to the question of adverse possession by one tenant in common as against another. He also indicates the form ·of charge that is proper in a case similar to this. There the court had charged upon this issue, and the charge was not affirmatively erroneous; therefore it was held not to be error to refuse the special charges requested, because they did not correctly submit the law of the case. If the issue had been submitted in some form by the trial court in this case the situation would be entirely· different. However, the court did not submit the issue of notice at all, .and it was only necessary for plaintiffs in error to call the matter to the attention of the court, and they were not required to submit a correct charge or a correct special

issue. Brady v. McCuistion (Tex. Civ. App.) 210 S. W. 816; Roberts v. Houston Motor Car Co. (Tex. Civ. App.) 188 S. W. 257; Olds Motor Works ´v. Churchill, 175 S. W. 787; Texas Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 134.

In Brady v. McCuistion, supra, this identical question was presented. In disposing of it, Chief Justice Huff used this language:

"The request in writing to submit the issue to the jury is not required by the statute to embody a correct proposition of law on the issue in order to be a request for the jury to pass on the question rather than the judge. The court is notified that on the issue presented by the pleadings and evidence the party desires a finding of the jury, and not of the judge. It therefore becomes the duty of the trial court, when the request is made, to submit the issue to the jury."

[4,5] On the trial of the case plaintiffs in error offered to prove by Solomon Liddell, Simon Liddell, and Lena Boom, ·who were plaintiffs, that during the time from 1905 to 1910 George Liddell on various occasions informed them that he was not claiming their interest in the land, and that his possession was not intended to be adverse to their rights. They offered to prove by George Liddell that during the time mentioned he did not assert claim adversely to their interest, but recognized their rights, and held possession of the land subject to their claim of interest. This testimony was all objected to on the ground that, as George Liddell had made a deed to the land to F. T. Gunn, he would not be permitted to slander his own title, and such declarations or admissions would be in derogation of the title under which defendant in error held. The objections were sustained, and the evidence was excluded. In this we think the court erred.

When Liddell made deed to Gunn March 18, 1905, it passed no title whatever to the interest of plaintiffs in error in the land. Less than five years elapsed before Gunn reconveyed to Liddell. He acquired no title to their interest during this period, and his deed back to Liddell passed no title to that interest. Defendant in error failed to prove title under the 5-year statute, but must rely solely upon the 10-year statute. The situation is exactly the same as if no deed from Liddell to Gunn had ever been made. Whatever title defendant in error has to the interest of plaintiffs in error was the title of George Liddell, acquired by him as a limitation title, and more than 5 years of the possession relied upon was after the land was deeded back to Liddell by Gunn. We therefore think that any evidence of recognition of the title of plaintiffs in error by George Liddell at any time during the period of 10 years' possession would be admissible against him or any one claiming under him as tending to show the character of the pos-

session as to whether or not it was adverse to the plaintiffs in error. Smith v. Robertson (Tex. Com. App.) 235 S. W. 847.

[6,7] We also think these admissions were admissible on the question of whether or not George Liddell had repudiated the rights of plaintiffs in error and was holding adversely to their interest. Plaintiffs in error asserted that they had no notice of repudiation or adverse claim prior to the filing of this suit. The circumstances may have been such as to raise the presumption that they were charged with notice, except for the fact that they were deceived and lulled into repose by statements made to them by George Liddell. Even though he were the tenant of Gunn at the time these admissions were made, and they might not be binding on Gunn, yet, when he reassumed possession in his own right, and undertook to perfect limitation title in his own behalf, he would be bound by declarations made during the time of his tenancy, and it would be necessary for him to again repudiate the rights of plaintiffs in error and bring home to them notice of such repudiation. The evidence was therefore admissible, to be considered by the jury in the light of all the circumstances, on the issues of repudiation and notice and of adverse possession.

In view of the errors indicated, we recommend that the judgment of the Court of Civil Appeals and of the district court be reversed, and the cause remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the question discussed in its opinion.