McCOY et al. v. LONG. (No. 1017—4922.)

Commission of Appeals of Texas, Section B. March 27, 1929.

James M. Robertson and H. J. Cureton, both of Meridian, for plaintiffs in error.

W. V. Dunnam and J. A. Kibler, both of Waco, for defendant in error.

SPEER, J. This suit was instituted on September 1, 1925, by W. B. Long, against Mrs. Eva L. McCoy and her husband, C. B. McCoy, to recover an undivided one-half interest in a tract of land containing 182 acres, another containing 702 acres, and a third one consisting of three town lots, together with improvements thereon, in the town of Clifton; also to recover a like interest in a certain promissory note in the sum of $8,000, secured by a lien against part of the land in controversy and having been conveyed along with the lands, by the mother of the parties, to the defendant Mrs. McCoy. The instruments of conveyance were attacked for want of mental capacity of Mrs. Long, and for undue influence of Mrs. McCoy.

The defendants answered, joining issue, and pleading specially title by limitations. The further issue was tendered by the pleadings that Mrs. McCoy held the Clifton property in trust for herself and the plaintiff.

The cause was submitted upon special issues, and a judgment was rendered for the plaintiff for an undivided one-half interest in the town property and for the defendants, upon their plea of limitations, for the farm properties.

The Court of Civil Appeals affirmed the judgment of the trial court with respect to the former and reversed and remanded as to the latter holding. 294 S. W. 633.

It is first urged by plaintiffs in error that the Court of Civil Appeals erred in holding that the evidence was not conclusive to show that they had title to the 884 acres of land by the statute of limitation. We approve the holding of the Court of Civil Appeals in this respect. It is too well settled to require the citation of authority that the possession of one cotenant, or any number of cotenants, will not be sufficient as notice of a claim adverse to his or their cotenant out of possession. Such possession is of right and cannot be adverse until there is a hostile claim made and notice thereof actually brought to the cotenant out of possession.

It is equally well settled that since such possession is not constructive notice of any right other than as cotenant, a conveyance by one cotenant to another cotenant of a portion or all of the land puts such grantee in no better position. His possession would yet be a friendly one in the absence of actual notice of an adverse claim. Towery v. Henderson,

60 Tex. 291; Lynch v. Lynch (Tex. Civ. App.) 130 S. W. 461 (writ refused); Liddell v. Gordon (Tex. Com. App.) 254 S. W. 1098.

So that it becomes unnecessary for us to consider just what virtue there was in Mrs. Long's deed to the entire farm lands as a basis for the defendant's plea of limitation. This deed does not purport to be executed by her as the qualified survivor of W. B. Long, Sr., but if it did, or even though she had been an entire stranger, not in privity with the parties to the suit, yet the grantee, Mrs. McCoy, being a cotenant with the plaintiff, her possession thereunder would not be necessarily adverse. The Court of Civil Appeals was right in holding, under the facts in this case —considering the long actual possession and all other surrounding circumstances—that it was a question of fact whether the defendant's possession had been adverse to the plaintiff's right.

It is next insisted that the Court of Civil Appeals erred in holding that the right to have the jury pass upon the question of notice of adverse claim was not waived by the parties, since such issue was neither submitted nor requested to be submitted; the contention being that in such case the trial court is deemed to have found on the issue in such way as to support the judgment. But this assignment proves too much for the plaintiffs in error. If such issue—being a complete issue within itself—was not submitted nor requested to be submitted, and was therefore waived, it does not follow that the presumption mentioned would be indulged; on the contrary, the issue having been waived by the parties, the court had no authority to make any findings upon it. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591.

The third and last assignment complains that the evidence is legally insufficient to support the judgment establishing a trust in the town property, the precise point being that the evidence alone of the plaintiff, as the beneficiary of such parol trust, is not sufficient, as a matter of law, to support the judgment. We think whether or not such evidence is sufficient is purely one of fact, depending upon a variety of evidence, and in the absence of statute it cannot be said the evidence of the plaintiff alone is not legally sufficient. Such testimony is some evidence, and its cogency and sufficiency are entirely for the jury and those courts having jurisdiction over the facts.

We recommend that the judgment of the Court of Civil Appeals be in all respects affirmed.

GREENWOOD and PIERSON, JJ. Judgment of the Court of Civil Appeals affirmed.

CURETON, C. J., not sitting.