### SCOGGINS et al. v. LEE.
#### No. 4927.

Court of Civil Appeals of Texas. Texarkana.

March 6, 1936.

Rehearing Denied March 26, 1936.

Massingill & Belew, of Fort Worth, T. J. Arnold and W. W. Moore, Jr., both of Houston, and Hill & Bath, of Henderson, for appellants.

A. A. Garrett, of Overton, Callaway & Wade and Robt. C. Pepper, all of Fort Worth, Roscoe W. Irvine, of Salt Lake City,

Utah, and Tom F. Coleman, of Henderson, for appellee.

HALL, Justice.

On February 18, 1933, appellee instituted this suit in the district court of Rusk county against appellants and others not parties to this appeal, in trespass to try title, for partition and an accounting. In his petition appellee alleged that he was the legal owner of an undivided one-tenth interest in approximately 130 acres of the Wm. A. Elliott and E. Collard surveys in Rusk county, comprising the 160-acre G. G. Cole homestead, save and except block 5, which was not included in his suit. Appellee alleged further that he inherited his interest in the land in controversy from his deceased wife, who was the daughter of G. G. Cole. The appellants, and other defendants not appealing, answered by general demurrer, general denial, plea of not guilty, and specially pleaded the 3, 5, 10, and 25 years' statutes of limitation. They also interposed the plea of innocent purchaser and alleged that appellee was guilty of laches in not bringing his suit at an earlier date. The record reflects that in December, 1869, G. G. Cole purchased 160 acres of land, a part of the Elliott and Collard surveys in Rusk county, Tex., and immediately went into possession thereof; that he married Rosalind Welch in 1874, and there was born to them five children, namely, Tom, Dora, Katie, Ethel, and Claudia. G. G. Cole died in 1885, intestate, leaving his widow, Rosalind Cole, and the five children named above, residing on the 160 acres of land as their homestead, which was admittedly the separate property of G. G. Cole, deceased. Ethel Cole married William Finch in 1906, and moved to Utah. Dora married J. H. Scoggins, Katie married Charles Stebbins, and Claudia married Robert E. Lee, appellee herein. Appellee Lee and Claudia were married in Upshur county, Tex., in January, 1906, where they resided until the latter part of 1906, or the early part of 1907, when they moved to Goshen, Utah, the same town where Ethel and her husband, William Finch, were residing. On March 16, 1907, Claudia Lee died intestate and without issue, leaving as her only heir her husband, Robert E. Lee, the appellee herein. Some time prior to 1912, Mrs. Rosalind Cole, surviving widow of G. G. Cole, deceased, married one M. P. Faulkner, and she and Faulkner and, at least, Tom Cole continued to reside on the 160-acre homestead of her and her late husband, G. G. Cole. In May, 1912, Katie Stebbins and husband, Dora Scoggins and husband, Ethel Finch and husband, Mrs. Rosalind Cole Faulkner, and Tom Cole entered into an agreement to partition the 160-acre tract into five blocks, one to each of the children then living and one to the mother, Mrs. Rosalind Cole Faulkner. Katie Stebbins and husband received block 2, Dora Scoggins and husband received block 3, Ethel Finch and husband received block 1, Mrs. Rosalind Cole Faulkner received block 4 on which was located the old home, and Tom Cole received block 5. Each executed a deed to the other to his block of land. In this partition the mother and children then living ignored the interest appellee had in the estate of G. G. Cole, deceased, by virtue of his inheritance from his deceased wife, Claudia. There is no contention made by appellants that appellee did not on the death of his wife inherit an undivided one-tenth interest in the whole of the estate of G. G. Cole, subject to the homestead rights and one-third life estate of the widow, Rosalind Cole, in same. Nor is there any contention that Lee voluntarily parted with his title to the same, unless he did so when he effected a compromise with Lucey Petroleum Company on the leasehold in block 4. The record also reflects that Ethel Finch and husband in October, 1912, conveyed block 1 to C. E. Christian, who held same until 1914, when he conveyed it to C. F. Stebbins. In 1921 Stebbins sold this block to De Guerrin. In 1923 De Guerrin sold same to R. H. Scoggins, and in 1924 R. H. Scoggins sold this block to J. H. Scoggins, an appellant herein. In January, 1913, Katie Stebbins and husband sold block 2 to C. E. Christian, who immediately conveyed same back to C. F. Stebbins, Katie's husband. In 1914, C. F. Stebbins sold this block to J. N. Scoggins, who sold same to W. H. Barton in 1916. Barton in 1918 sold same to J. H. Scoggins, an appellant herein. So, on the date of the institution of this suit appellant J. H. Scoggins and wife, Dora, were in possession of and claimed to own blocks 1, 2, and 3 of the original 160-acre G. G. Cole homestead tract. The mother, Mrs. Rosalind Cole Faulkner, who received block 4 in the partition of 1912, continued to reside thereon until 1922, when she sold the same to Reuben Johnson and moved to the state of Utah. In the latter part of November, 1926, Johnson sold this block to Mrs. Delia Brightwell, who later married A. G. Gill, both of whom are appellees herein.

This case was tried to the court without a jury and resulted in a judgment for appellee Robert E. Lee for an undivided one-tenth interest in blocks 1, 2, and 3, and an undivided one-tenth interest in the one-eighth royalty in block 4. From this judgment appellants prosecute their appeal.

Some of the appellants urge as their first proposition that the judgment rendered herein is a nullity for the reason that the case was tried at the April term, 1934, of the district court of Rusk county, and that judgment was not rendered until October 9, 1934; there being no valid order extending the April term of court so as to include the date on which the judgment was rendered. There is no merit in this contention. The record reflects that on April 20, 1934, the presiding judge trying this cause made and entered the following order:

"It appearing to the Special District Court of Rusk County, Texas, that it will be unable to finish the case of Robert E. Lee v. J. H. Scoggins et al., and numbered 155 on the docket of this Court, before this Court terminates by law, on the 28th day of April, 1934.

"Now Therefor, I, Renne Allred, Judge of the Special District Court of Rusk County, Texas, do here and now enter an order, and which the Clerk of the District Court of Rusk County, Texas, is ordered to record in the minutes of this Court, extending the term of this the April 1934 term of said Court for a period of 40 days, in order, as aforesaid that said cause may be completed.

"Renne Allred, Jr.
"Judge of the Special District Court of "Rusk County, Texas."

By this order the term of court was extended for forty days, and before the forty-day extension had expired the presiding judge made another order of extension, which order is:

"Robert E. Lee vs. J. H. Scoggins et al.
"Cause No. 155 in the District Court, Special Judicial District, Rusk County, Texas.

"Whereas, the above captioned cause went to trial at the April term of court and before conclusion of that term an order was entered by the court extending the term of said court for an additional forty (40) days from the 28th day of April, 1934, the same being the last day of the regular term of said court to permit the continuation of the term for the trial and adjudication of the above captioned; and Whereas, said cause and the trial thereof is still pending and the same is yet unadjudicated and it is necessary for the term of the regualar court to be again extended to permit the disposition of said cause;

"Now therefore, it is ordered adjudged and decreed that the term of the above court be and the same is hereby extended such time from the date of the last.day of said regular term as heretofore decreed and ordered, and from the day of the expiration of said last mentioned order as may be necessary to terminate and finally dispose of the above captioned cause now pending; this order of extension to connect with and be a continuation and extention of the prior order of extension.

"Done this the 31st day of May, 1934.
"Renne Allred, Jr., Judge."

Article 1923, R.S., provides that: "Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial."

Clearly, then, under the provisions of this statute the trial court was authorized and empowered to enter the order copied first above extending the April term of the district court of Rusk county for a period of forty days. Gulf, C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 898, 4 A.L.R. 613. It follows, then, that the court during the forty days' extension possessed the same powers pertaining to this cause of action as during the statutory term which ended by operation of the law on April 28, 1934, and could, therefore, further extend the April term of court to conclude the trial of said cause by entering his order to that effect during the forty-day period of extension. In Gulf, C. & S. F. Ry. Co. v. Muse, supra, it is said: "It will aid in the correct determination of the validity of the order of the trial court, setting aside its previous order for a new trial, to bear in mind the following thoroughly established principles: First, that ordinarily the jurisdiction of a court over both subject-matter and parties, once fully attached in a cause, continues until all issues both of fact and of law have been finally determined. Second, that article 1726 [now art. 1923 Rev.St.1925], Rev.St., authorizes, not the calling by the district judge of a new, distinct, or independent term, but merely the continu-

ance of the same term, *so that during the period of extension under the article the court necessarily possesses the same power as during the original term.*" And cases there cited.

█ Appellants Scoggins and wife and the Republic Production Company advance the proposition that the appellee should not recover an interest in the land involved herein because "the appellants' adverse occupancy and possession of the respective parcels of the partitioned land under deeds, acted as a disseisin as to him, appellee, and ripened title in appellants under the statute of limitation of five years." The description of the land attempted to be conveyed in the deed to Ethel Finch and husband, William Finch, as her portion of the homestead of her deceased father, G. G. Cole, in the partition of 1912, is as follows: " * * * all that certain tract of land situated in Rusk County, Texas, and described as follows: Block No. One. Beginning at the N. W. cor. a bush brs. N 3 E 30 links, a sweet gum brs. S 47 1/2 E 1/2 vrs. Thence S 370 vrs. a Sweet gum brs. N. 83 E 8 links, a pin oak brs. N 34 W 29 links. Thence E 463 1/2 vrs. a post oak N 26 E 14 links, a post oak brs. N 67 W 27 links. Thence N 370 vrs. a sweet gum brs. S 75 E 11 1/2 vrs. a red oak brs. S 40 W 37 links. Thence W 463 1/2 vrs. to the place of beginning, containing 30 1/3 acres of land more or less." This description is typical of that in each of the deeds effecting the partition of the land in controversy as well as all other deeds passing since the partition of said land save two, one of which, in addition to the description similar to that set out above, states that the land is a part of the E. Collard Survey No. 190, and the other states that the land is a part of the E. Collard No. 190. In our opinion, all the deeds affecting the land in controversy including and since the partition of 1912, to and including those under which appellants Scoggins and wife and Delia Brightwell Gill hold, are void for want of a proper description of the land attempted to be conveyed. Norris v. Hunt, 51 Tex. 609; Smith v. Sorelle (Tex.Sup.) 87 S.W. (2d) 703. There is not sufficient data given in any deed under which appellants seek to hold the title to this land, under the five years' statute of limitation (Rev.St.1925, art. 5509), to enable a person to go on the ground and locate the land which any of the deeds purports to convey, and the recordation of such a deed would not, in our opinion, impart notice to the owner that an adverse

claim was asserted. The defect in the description in all these deeds affecting this property is patent, and title by limitation based upon the five years' statute under any of them must fail for want of a proper description of the property intended to be conveyed. And this is true even though the vice in the description be latent. Barker v. Temple Lumber Co. (Tex.Com.App.) 12 S. W.(2d) 175. In Walker v. Maynard (Tex. Civ.App.) 31 S.W.(2d) 168, 170, it is said: "Under such plea of limitation [five years] the deed relied upon must on its face and by its own terms, or by reference to some other registered deed or record description, give such description of the land sought to be conveyed as will identify and locate it, and any description which falls short of this cannot be aided by parol evidence explanatory of the description, and tending to identify the land intended to be conveyed." And cases there cited. Therefore, in our opinion, none of the appellants can hold title to any of the land in controversy under the five years' statute of limitation.

█ Appellants insist they are entitled to recover the land in controversy under the ten years' statute of limitation (Rev.St.1925, § 5510). We think they must fail in this contention, because no sufficient description of the land claimed was proven on the trial of this cause; especially is this true of blocks 1, 2, and 4. As said before, the deeds can afford no assistance in this regard because they are void upon their face. The trial court in his finding of fact No. 50 says: "I find that as to the use, claim, possession and occupancy of tracts Nos. 1, 2 and 3 by J. H. Scoggins and wife, Dora Scoggins, and those under whom they claim, and of tract No. 4 by Delia Brightwell Gill and husband, A. G. Gill, and those under whom they claim, the evidence does not establish or identify the boundaries of said tracts or the fences on said tracts sufficient to locate the land so claimed, used, possessed and occupied by them." Certainly whether the evidence was sufficient to locate the land claimed by the appellees was a question of fact to be determined by the trier of the facts. The court in this instance found the facts against the appellants and we cannot say he was not justified in such finding. Giddings v. Fischer, 97 Tex. 184, 77 S.W. 209; Walker v. Maynard (Tex.Civ.App.) 31 S.W.(2d) 168; Houston Oil Co. v. Holland (Tex.Com.App.) 222 S.W. 546; Wilcoxon v. Howard, 26 Tex.Civ.App. 281, 62 S.W. 802, 63 S.W. 938. It is true that Mrs.

Scoggins testified concerning the boundary of block 3 which she received as her portion of the estate in the partition of 1912, but her testimony in this respect is such, virtually standing alone, that the court trying the fact issues was not compelled to take her testimony in this regard as conclusive; she being an interested witness. The trial court was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. Furthermore, block 3 was the portion of land Mrs. Scoggins received as her part of her father's estate. She went into possession of same shortly after 1912, under a void deed heretofore discussed, and has remained in possession until the institution of this suit. At the time she took possession of block 3, undoubtedly she was a tenant in common with appellee, Lee. The partition which was effected in 1912 under deeds which were void for want of proper description did not change her status in this respect toward appellee, and he not being a party of said partition, his rights were in no wise affected thereby. At most, the partition of 1912 between the mother and four of her children, which ignored appellee, was an oral partition and could not under the facts in this case amount to an ouster of appellee. It is not contended by any one that appellee had any actual knowledge of the partition of the land in controversy between the heirs in 1912. The evidence affirmatively shows that he never came back to Texas after leaving in 1907, until a short time before the filing of this suit in the court below. The evidence also affirmatively shows that he knew nothing of the property or his interest therein until a short time before the filing of this suit. It follows, then, that knowledge of appellants Scoggins' holding must in some manner be brought home to Lee, the appellee. The facts in this case as found by the trial court failed in this regard. In Stephens v. House, 112 Tex. 459, 248 S.W. 30, 33, the Commission of Appeals, in discussing the doctrine of acquiescence relating to the presumption of a deed, says: "Knowledge being held necessary to establish acquiescence, we are not willing to extend the doctrine to those cases where it is necessary to impute knowledge to sustain acquiescence. It might be that, if the owner resides in the immediate vicinity of the land, and that the other party exercised dominion over the land and his claim was notorious, that the knowledge of same would be imputed to the owner. But in this case, where the parties do not reside in the neighborhood of the land, and where they know

nothing of it, residing in another county, and there being not even a scintilla of evidence that their ancestors had any knowledge of the claim, knowledge should not be imputed to them of the adverse claim." McCoy v. Long (Tex.Com.App.) 15 S.W.(2d) 234.

The court found as regards block 4, now in possession of A. G. Gill and wife, that there was a break in the possession after 1926 which stopped or tolled the statute of limitation. An examination of the record in respect to this fact reveals that the trial court was correct, and his finding will not be disturbed.

■ The contention is made by appellants that appellee is precluded from recovery herein because of a settlement made by him with Lucey Petroleum Company covering the leasehold interest in block 4. An examination of the record in this regard shows that appellee compromised with Lucey Petroleum Company before trial of this case in the court below by assigning to said company his undivided one-tenth interest in and to the leasehold covering block 4. Said settlement in no wise attempts to include more than appellee's undivided one-tenth interest therein, and, in our opinion, does not preclude him from prosecuting this suit for his claimed one-tenth undivided interest in blocks 1, 2, and 3, and his interest in the royalty in block 4.

■■ Certain of the appellants holding leasehold and royalty interest in the land in controversy assert that they are innocent purchasers of their respective interests and should prevail against any claim by appellee, Lee. It is undisputed that appellee inherited from his deceased wife, Claudia Lee, an undivided one-tenth interest in the homestead of G. G. Cole, deceased, subject to the widow's life estate in one-third thereof and her homestead right in the whole. During the life of G. G. Cole, the father of Claudia and the other children, the legal title to this land was in him, but on his death, the land being his separate property, the legal title thereto, under our statutes, passed to his heirs, subject to the rights therein of the surviving wife. Appellee was an heir of the said Cole and as such was entitled to share with the children to the extent of his interest in the whole estate. The holders of these several portions of the mineral estate of the land in controversy purchased from a part but not all the heirs of G. G. Cole. They did not purchase that part of the legal title held by appellee. In Hennessy v. Blair, 107 Tex.

39, 173 S.W. 871, 872, Ann.Cas.1918C, 474, Chief Justice Phillips, speaking for the Supreme Court, says: "As a rule, the equity of an innocent purchaser is incapable of assertion without the ownership of the legal title." Citing York's Administrator v. McNutt, 16 Tex. 13, 67 Am.Dec. 607; National Oil &·Pipe Line Co. v. Teel, 95 Tex. 586, 68 S.W. 979. In the case of Ross v. Morrow, 85 Tex. 172, 19 S.W. 1090, ·1091, 16 L.R.A. 542, it is said: "We think that, the defendants having notice of the fact that the property was the community property of Jesse Burnham and his wife, and of the fact of her death, and having *bought the land from her heirs,* they cannot claim, under the facts of the case, to be purchasers without notice of who her heirs were." (Italics ours.) In 66 C.J. p. 1119, § 915, it is said: "A purchaser from part of the heirs is charged with notice of the existence of other heirs, and is put on inquiry as to the existence of heirs of such other heirs." To the same effect are Ferguson v. Kentucky Land & Live-Stock Co. (Tex.Civ. App.) 25 S.W. 1074; New York & Texas Land Co. v. Hyland, 8 Tex.Civ.App. 601, 28 S.W. 206. Thus we conclude that the · equitable doctrine of innocent purchaser is of no avail to the appellants in this case against the legal title held by the appellee. They, having purchased from part of the heirs and their vendees, were charged with knowledge of all the heirs which included the appellee.

We have carefully examined all other assignments of error not specifically discussed, and finding no merit in them, they are respectfully overruled.

The judgment of the trial court is affirmed.