**BROOKS v. SHAW et al.**

No. 11221.

Court of Civil Appeals of Texas. Galveston.
Feb. 5, 1942.

Appellees' Rehearing Denied Feb. 19, 1942.

F. P. Granberry, of Crockett, for appellant.

Alpha & Brunson, of Houston, for appellees.

CODY, Justice.

This suit was brought by appellees, as plaintiffs, against appellant, as defendant, in trespass to try title to a 64-acre tract of land out of the Herod 184-acre tract in Houston County.

The 184-acre tract is sometimes referred to in the record in this case as the Sarah Herod estate. It was owned by Sarah Herod in her lifetime, and she is the common source of title from whom appellees and appellant derive their respective claims to title. Sarah Herod died intestate in 1905, and left as her heirs five surviving children, and the surviving children of a deceased daughter; so that each of her surviving children inherited an undivided one-sixth of the Herod estate, and the surviving children of her deceased daughter inherited the 1/6th interest that would have gone to their mother had she survived Sarah Herod. The surname of these children, who inherited said one-sixth interest in the place of their deceased mother, is Simpson. Appellant purchased from the Simpsons their record title to a one-sixth interest of the oil, gas and other minerals which they owned in the Herod estate, and he therefore claims a 1/6th of the minerals in and under the 64-acre tract, out of the 184-acre tract, as the vendee of the Simpsons.

Now appellees are the children and heirs of Theodore and Jane Herod Hicks. Jane Herod Hicks was one of the surviving daughters and heirs of Sarah Herod, and therefore inherited a one-sixth interest in the Herod estate. Appellees claim the right to recover under two chains of title. The first chain of title is as follows:

A. On October 22, 1909, Andrew Herod, one of the surviving children and heirs of Sarah Herod, joined by his wife, by a deed

which purported to pass the entire interest therein (without regard to the rights of the other heirs), conveyed the south 47 acres out of the 184-acre tract to S.C. Spence, which deed was promptly recorded.

B. S. C. Spence and wife on October 12, 1910, conveyed said 47 acres to Mrs. V. M. Anthony, which deed was promptly recorded.

C. On November 5, 1910, Mrs. Anthony and husband conveyed said 47-acre tract to Jeff Barnett, which deed was promptly recorded.

D. On October 28, 1911, Jeff Barnett and wife conveyed said 47-acre tract to Theodore Hicks—the father and predecessor in title of appellees, and the husband, as stated, of Jane Herod Hicks. This deed was not filed for record until in 1940.

Before the death of Sarah Herod, in 1905, the aforesaid Andrew Herod had built a house on the 47 acres and moved into it and had continued to live on said 47-acre tract until 1909 when he conveyed it to Spence. Then Spence farmed the property for a year, and, after Barnett purchased it, he made two crops thereon. After Theodore Hicks purchased the property in 1911 he had it, together with 17 adjoining acres which was a portion of the 184-acre Sarah Herod tract also, surrounded by a fence, which said fenced property constitutes the 64-acre tract involved in this suit.

The second chain of title consists of a general warranty deed from four· of the surviving children and heirs of Sarah Herod to Theodore Hicks, who was the husband of the fifth surviving child, as before stated, and an heir of Sarah Herod, which deed by its terms undertook to convey the entire interest in the aforesaid 64-acre tract of land, which 64-acre tract of land also included the aforesaid 47-acre tract. This deed was promptly filed for record.

The foregoing facts appear from the· court's findings of fact. From them it also appears that the aforesaid Andrew Herod, who purported to convey the entire interest in the 47-acre tract—which was included in the 64-acre tract—also joined in the deed which undertook to convey the entire 64-acre tract to Theodore Hicks. This may account for the failure on the part of Theodore and Jane Herod Hicks to file for record promptly the deed which conveyed the 47-acre tract to Theodore Hicks; i.e.,

because it was included within the 64-acre tract, and the deed to Hicks of the 64-acre tract was promptly placed on record.

As bearing on the question of whether or not the appellees and their predecessors in interest perfected good limitation to the property involved—there being no question but that appellees owned a good record title to 5/6ths of the property—the following facts, found by the court, are in point:

"8. That S. C. Spence, V. M. Anthony and Jeff Barnet had exclusive possession under deed and claim of right of the 47-acre tract of land, until the same was conveyed to Jane and Theodore Hicks, and that Jane and Theodore Hicks continued to exercise exclusive possession under claim of right until the death of Jane Hicks in 1937, and that Plaintiffs have continued to so possess and claim same since 1937; that Jane and Theodore Hicks and their heirs have paid all taxes accruing against the land since they purchased the same, and before maturity, for more than five consecutive years with a deed to the whole of the 45-acre tract of record; that their possession has been adverse for more than 10 consecutive years, under inclosure and entry thereupon under claim of right.

"9. That Jane Hicks recognized that the heirs of Rebecca Simpson owned some interest in the land belonging to the Herod Estate."

The court concluded, among other ·things, as a matter of law, "That by reason of the recognition by Jane Hicks of title· to interest of defendant Brooks, in the Herod Estate, and the deed from Herod heirs to Jane and Theodore Hicks referred to in finding No. 6, that plaintiffs own 5/6 and defendant 1/6 of the 17 acre tract remaining in the Herod Estate."

The court rendered judgment accordingly, and appellees gave notice of appeal in so far as the same awarded appellant judgment for 1/6th of the oil, gas, and other minerals in the 17 acres; and appellant gave notice of appeal in so far as the judgment denied him any interest in the 47-acre tract out of the 64-acre tract.

From the foregoing facts it appears that Jane Hicks, one of the six heirs to the Herod estate which consisted of 184-acres, ended up claiming to own a tract of 64 acres out of said 184-acres, which is approximately one-third of 184 acres. Since the land was apparently all of like

value, it would therefore appear that Jane Herod Hicks and husband professed to have acquired an interest in the 184-acre tract equivalent to the shares of two children. As pointed out above, she acquired the 47-acre tract from Andrew Herod, her brother. But it was not, apparently, upon the theory that Jane Herod Hicks had acquired a third interest in the land, which had been partitioned off to her, that the court rendered judgment in this case. On the contrary, the fact that he rendered judgment for the appellees for the entire interest in the 47-acre tract, and adjudged to appellant 1/6th of the mineral rights in the 17-acre tract (which, together with the 47-acre tract made up the 64-acre tract) argues that he rendered judgment on the theory that the deed from Andrew Herod to S. C. Spence under date of October 22, 1909, worked an ouster of the other Herod heirs or cotenants. Spence was a stranger to the title, and his deed was promptly recorded. And, "when the co-tenant in possession is succeeded by a stranger who goes into possession under a deed, the possession and the record of the deed constitute constructive notice that the stranger is claiming all that his deed purports to convey. * * * That being true, the appellants were charged with all the notice which the record of that deed and the possession thereunder in legal effect gave out." Liddell v. Gordon, Tex. Civ.App. 241 S.W. 750, 754. The court was therefore warranted in concluding that the deed to Spence worked an ouster of Andrew Herod's cotenants. For when Jane Hicks and her husband entered upon the 47-acre tract, it was under and by virtue of the deeds to Spence, V. M. Anthony, and Jeff Barnett; the possession by Spence, and by V. M. Anthony, and by Jeff Barnett under a chain of title originating by a deed from one of the heirs, purporting to convey the entire interest (said deeds, in each instance, being duly recorded) effected an ouster of the other heirs, and when adverse possession was maintained thereunder sufficiently long, the rights of the ousted heirs became barred. The mere fact that the Hickses did not place the deed to themselves from Jeff Barnett, purporting to convey the entire interest in the 47-acre tract, on record, does not deprive them of the interest which it conveyed to them, which was or purported to be the fee-simple interest in and to the 47-acre tract. The fact that Jane Hicks and her husband were in possession of this 47-acre tract under and by virtue of a deed to the 64-acre tract, which included this 47-acre tract and which 64-acre deed was recorded, in no way destroyed the rights acquired by Jane Hicks under and by virtue of the deed to the 47-acre tract. Appellant's predecessors in interest had at least constructive notice by the deed to Spence, which was recorded promptly, and by his possession under it, that they had been ousted. The entry by Jane Hicks upon this 47-acre tract, after appellant's predecessors in interest had at least constructive notice of the ouster effected by Spence's deed and possession is not presumed, against the facts, to have been in virtue of her interest as an heir to the Herod estate. And in so far as she and her husband held possession under and by virtue of the deed to the 47-acre tract, their possession was notice of their rights under said deed. It may be true that the Simpson children (under whom appellant claims) could claim that the recording of the deed to the Hickses of 64-acre tract did not necessarily affect them with notice that the Hickses' possession was in virtue of said deed, as Jane Hicks was entitled to occupy any part of the Herod estate which had not been partitioned. Wiggins v. Holmes, Tex.Civ. App., 39 S.W.2d 162. But there is no basis for holding, as a matter of law, that the mere fact that Jane Hicks was a Herod heir prevented her and her husbnd from ripening their title to the 47-acre tract, under the deed thereto to her and her husband. And the fact that the deed to them to the 47-acre tract was not recorded has no effect whatever. The recording of said deed would give no more notice of the rights claimed thereunder than did their possession which they maintained thereunder. Indeed, upon the same parity of reasoning by which it might be claimed that the recording of the deed to Jane Hicks and husband to the 64-acre tract did not necessarily affect the Simpson children with notice that the Hickses' possession was under said deed and not in the right of Jane Hicks as a Herod heir, it could likewise be claimed that the recording of the deed to the 47-acre tract would not affect the Simpson children with notice that Jane Hicks claimed the 47-acre tract under said deed. So, therefore, the notice given by possession under the deed to the 47-acre tract was in all respects equal to notice that might be given by recording such deed. The effect of the learned trial judge's finding is to hold that Jane Hicks'

status as a Herod heir did not prevent her from prescribing under the deed to the 47-acre tract, from which the Herod heirs had been ousted. We agree with his holding.

Appellant and appellees have neither formally challenged the sufficiency of the evidence to sustain the court's findings of fact, and neither have they shown any such insufficiency. The evidence appears to have been highly conflicting, but we are unable to sustain the claim of either appellant or appellees, made in the absence of any formal challenge or showing that the evidence is insufficient to support such findings, and we hold ourselves bound thereby.

Appellant contends that appellees were allowed to prove adverse possession by permitting one of their witnesses, H. G. Denby, to answer a leading question. It is affirmatively made to appear from the bill of exception reserved to the court's action in permitting the witness to answer the question complained of, that such witness had freely and readily answered the questions propounded to him by appellees, and that he was not so old nor infirm as to require any deviation from the ordinary rules applicable to the examination of witnesses. While the trial judge has a broad discretion in permitting the asking of leading questions, the judge has practically made it to appear from the aforesaid bill of exception that there was no justification in this instance for permitting the asking of a leading question to the witness referred to. From this we infer that the learned trial judge did not consider the question to be a leading one. We do not consider it necessary to pass upon whether the question was leading or not. The witness, before the question complained of was asked him, had already testified to the adverse occupancy which was summarized and connected up in the complained-of question. One of appellant's witnesses, Ira Denby, on cross-examination, testified to the same matter and rendered the error, if any there was, harmless. Tex.Jur., Vol. 44, pages 1111, 1112. If the complained-of question, and the answer thereto, were stricken from the record, there would be sufficient evidence to sustain the court's findings, and, as pointed out, the case was tried without a jury.

We have considered appellees' cross-assignments, which in effect allege the evidence was insufficient to support the judgment rendered in favor of appellant with reference to an interest in the 17 acres. They are overruled as being without merit.

Finding no error in the judgment, we think the same should be in all things affirmed. It will be so ordered.

Affirmed.

On Appellee's Motion for Rehearing.

 Upon original hearing we sustained the trial court's judgment which awarded recovery to appellees of an undivided one-sixth of the 47-acre tract out of the 64-acre tract, but refused recovery to such interest out of the remaining 17 acres in said 64-acre tract. Upon consideration of appellant's motion for rehearing we conclude we were in error in affirming so much of the judgment as awarded recovery to appellees of said undivided interest in the 47-acre tract. As appears from our original opinion, we concluded that the deed by Andrew Herod, one of the surviving children of Sarah Herod, to S. C. Spence, in 1909, conveying the 47-acre tract wrought an ouster of Andrew Herod's co-tenants. As will be noted from our original opinion, by mesne conveyance from S. C. Spence the legal title to this 47-acre tract became vested in Theodore Hicks, the husband of Jane Herod Hicks, in 1911. Jane Herod Hicks being the sister of Andrew Herod, and a co-tenant of appellant's grantors with reference to said 47-acre tract, we have concluded that we erroneously held that the fact Theodore Hicks and Jane Herod Hicks went into possession upon receiving the deed to the 47-acre tract (which was never placed of record until shortly before this suit had been filed) placed their co-tenants, the Simpsons, on notice that they were holding the 47 acres adversely to the Simpsons. Jane Herod Hicks, as an heir of Sarah Herod, had the right to go into possession of the 47-acre tract; and her possession would not put her co-tenants on notice that she was claiming the 47-acre tract adversely. She and her husband, Theodore Hicks, became the undoubted record title owner to five-sixths of the title to the 64-acre tract (inclusive of the 47-acre tract), and had the right to the possession of the same. "It is elementary that possession alone by one cotenant is not of itself notice of an adverse claim to the other cotenants. It is equally well settled that the registration of a deed from one cotenant or even a stranger to the property will not operate as constructive notice of the ad-

verse claim of the grantee. His possession is yet a friendly one in the eyes of the law. It requires a repudiation of the rights of the other cotenants actually brought to their notice in order to start the statute of limitations. Towery v. Henderson, 60 Tex. 291; Lynch v. Lynch, Tex. Civ. App., 130 S.W. 461 (writ refused); Liddell v. Gordon, Tex.Com.App., 254 S.W. 1098; McCoy v. Long, Tex.Com.App., 15 S.W.2d 234." Arrington v. McDaniel, Tex. Com.App., 14 S.W.2d 1009, 1012. As appears from our original opinion, the court found that the right of the Simpsons (under whom appellants claimed) to some interest belonging to the Herod Estate was always recognized by Jane Hicks. It was upon that finding that we sustained the judgment awarding appellant an undivided interest in the 17-acre tract. Such finding is inconsistent with the judgment awarding appellees the entire interest in the 47-acre tract. Since we were in error in holding that the deed conveying the legal title of the 47-acre tract to Theodore Hicks, followed by his possession (which he had the right, as a cotenant of, and the husband of a cotenant of the Simpsons to do) worked an ouster of the Simpsons, we were in error in holding the possession of the Hickses—which was consistent with the recognition of the rights of the Simpsons, was an adverse one. The finding by the court that Jane Hicks always recognized some right in the Simpsons to the Herod Estate cannot, under the facts of this case, be isolated to the 17-acre tract. The same inference which the court drew from the facts to support his judgment awarding appellant an interest in the 17-acre tract, must be applied to the 47-acre tract. And we were in error in holding otherwise on original hearing.

For the reasons given, appellant's motion for rehearing is granted, the former judgment of this court is set aside, and the judgment of the trial court is reversed in so far as it awarded the entire interest in the 47-acre tract to appellees, and in this respect the judgment of the court below is rendered so as to award to appellant an undivided one-sixth interest in said 47-acre, and the judgment of the trial court as to the remaining 17 acres in the 64-acre tract is in all things affirmed.

Reversed and rendered in part and in part affirmed.

Rehearing granted, former judgment set aside and judgment reversed and rendered in part and in part affirmed.